# Illinois Official Reports

## Appellate Court

---

### *People v. Falco*, 2014 IL App (1st) 111797

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES FALCO, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-11-1797 |
| Filed | August 12, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction of possession of a firearm with defaced identification marks was reversed and the cause was remanded for a new trial where defendant's counsel was ineffective in failing to request an instruction properly informing the jury that defendant must knowingly possess a firearm with defaced identification marks to be found guilty of that offense and defendant was prejudiced by the absence of such an instruction, especially when a jury could have concluded, without a proper instruction, that the offense was a strict liability offense. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-11206-02; the Hon. Luciano Panici, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Abishi C. Cunningham, Jr., Public Defender, of Chicago (Jeffrey Walker, Assistant Public Defender, of counsel), for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Zachary Holladay, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1      Following a jury trial, defendant James Falco was convicted of possession of a firearm with defaced identification marks (720 ILCS 5/24-5(b) (West 2006)) and was sentenced to 2 years' probation with 90 days in the Cook County department of corrections. Defendant now appeals and argues: (1) the State improperly amended the indictment a week before trial without sending the case back to the grand jury; (2) the amendment to the indictment came after the statute of limitations had run; (3) the trial court erred where it did not instruct the jury that possession of a firearm with defaced identification marks must be knowing and intentional; and (4) trial counsel was ineffective for failing to object to the amendment to the indictment and for failing to request a jury instruction on "knowingly." For the following reasons, we reverse and remand this cause for a new trial.

¶ 2                               BACKGROUND

¶ 3      Corporal Christopher Connors of the Blue Island police department testified that on December 28, 2006, at about 7:50 p.m., he was on patrol in an unmarked squad car near 127th Street and Western Avenue. As he was traveling southbound on Western Avenue, he saw an older model gold Cadillac in front of him with no rear license plate light. Corporal Connors was unable to read the license plate number. He observed the Cadillac move from the left lane to the right lane without signaling.

¶ 4      After the driver switched lanes a second time without signaling, Corporal Connors effectuated a traffic stop at 127th and Lincoln. Corporal Connors identified defendant as the passenger and James Dattolo as the driver. Dattolo provided a driver's license but did not have proof of insurance. The men then offered unsolicited statements about their business in Blue Island. Corporal Connors asked the men to step out of the car.

¶ 5      Corporal Connors learned that defendant owned the vehicle. Corporal Connors requested consent to search the vehicle. After opening the trunk, Corporal Connors discovered a bag with 78 rounds of 7.62-caliber ammunition and an SKS assault rifle wrapped in a towel. Corporal

Connors noticed that the serial number was scratched off and there was a bolt underneath the trigger area to modify the rifle's operation. Corporal Connors arrested defendant and Dattolo and transported them to the Blue Island police station.

¶ 6    Detective Jeff Werniak testified that he mirandized defendant and interviewed him on December 29, 2006. Defendant waived his *Miranda* rights and told Detective Werniak that he was in Blue Island with Dattolo to have his car fixed at Dattolo's cousin's garage. A friend of Dattolo's cousin was at the garage and told defendant and Dattolo that he had a rifle he was selling for $400. Defendant and Dattolo looked at the rifle and agreed to purchase it together for $400. They put the rifle in the trunk of the car and were stopped by police on the way home. Detective Werniak stated that defendant informed him that he consented to the search of his car and that the rifle was found pursuant to the search. Detective Werniak testified that he wrote up the statement and he and defendant signed it.

¶ 7    Patricia Wallace, a forensic scientist and an expert in the field of firearms identification for the Illinois State Police, testified that she examined the rifle found in the trunk of defendant's car. There were several defaced areas on the receiver, on the bolt carrier, on the bolt and on the trigger guard. Those areas were where the serial number would be. The rifle had been modified to fire in fully automatic mode. The State rested.

¶ 8    Defendant testified that on the evening of December 28, 2006, Dattolo had called him and asked if he could borrow the defendant's car. Defendant agreed but informed Dattolo that he was having issues with the steering. Dattolo told defendant his cousin could possibly repair the car.

¶ 9    On their way home from Dattolo's cousin's house, he and Dattolo were pulled over near 127th and Western in Blue Island. Dattolo was driving because defendant's license was suspended. Corporal Connors asked both men to step out of the car. He and Dattolo were handcuffed and placed in a squad car and taken to the Blue Island police station about 10 minutes later.

¶ 10    When he arrived at the police station, he was placed in a holding cell. He had a conversation with Detective Werniak the following day. After his conversation, he was escorted to the lunchroom and was told he could go home after signing some papers. He testified that he signed a paper but never saw any statement or made any confession to Detective Werniak. Defendant testified that he never purchased a weapon.

¶ 11    After closing argument, defendant was convicted of possession of a firearm with defaced identification marks. Defendant was sentenced to 2 years' probation with 90 days in the Cook County department of corrections. It is from this judgment that defendant now appeals.

¶ 12                                                    ANALYSIS

¶ 13    Defendant raises four issues on appeal. We note that defendant has acknowledged that three of the four issues he raises before this court are waived because he failed to object at trial and or failed to include those issues in his posttrial motion. See *People v. Enoch*, 122 Ill. 2d 176 (1988) (issues not objected to at trial and raised in a posttrial motion are waived for purposes of review). Defendant asks us to overlook these waivers and consider his arguments under the plain error rule. However, we decline to do so because we find defendant's preserved claim of ineffective assistance of counsel for failing to request a jury instruction to be dispositive.

¶ 14     Defendant argues that trial counsel was ineffective for failing to: (1) object to the State's amendment to the indictment; (2) object to the new charge that was brought beyond the statute of limitations; and (3) object to a legally erroneous jury instruction. In determining whether a defendant was denied the effective assistance of counsel, we apply the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504 (1984). To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant such that he was deprived of a fair trial. *Strickland*, 466 U.S. at 687; *People v. Patterson*, 217 Ill. 2d 407, 438 (2005). To establish prejudice, the defendant must show a reasonable probability that, absent counsel's alleged error, the trial's outcome would have been different. *People v. Evans*, 209 Ill. 2d 194, 220 (2004). "A reasonable probability of a different result is not merely a possibility of a different result." *Id.* If the defendant fails to establish either prong, his ineffective assistance claim must fail. *Strickland*, 466 U.S 668. Where the facts relevant to an ineffective assistance of counsel claim are not disputed, our review is *de novo*. *People v. Bew*, 228 Ill. 2d 122, 127 (2008); *People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 25.

¶ 15     Jury instructions are necessary to provide the jury with the legal principles applicable to the evidence presented so that it may reach a correct verdict. *People v. Hopp*, 209 Ill. 2d 1, 8 (2004). Illinois Supreme Court Rule 451(a) (eff. July 1, 2006) provides that whenever the Illinois Pattern Jury Instructions (IPI) contain an applicable jury instruction and the court determines that the jury should be instructed on the subject, "the [IPI instruction] shall be used, unless the court determines that it does not accurately state the law." Where no IPI instruction exists on a subject, the court has the discretion to give a nonpattern jury instruction. *People v. Ramey*, 151 Ill. 2d 498, 536 (1992).

¶ 16     It is well settled in Illinois that counsel's choice of jury instructions, and the decision to rely on one theory of defense to the exclusion of others, is a matter of trial strategy. *People v. Sims*, 374 Ill. App. 3d 231, 267 (2007). "Such decisions enjoy a strong presumption that they reflect sound trial strategy, rather than incompetence" and, therefore, are "generally immune from claims of ineffective assistance of counsel." *People v. Enis*, 194 Ill. 2d 361, 378 (2000). However, the failure to request a particular jury instruction may be grounds for finding ineffective assistance of counsel if the instruction was so critical to the defense that its omission " 'den[ied] the right of the accused to a fair trial.' " *People v. Johnson*, 385 Ill. App. 3d 585, 599 (2008) (quoting *People v. Pegram*, 124 Ill. 2d 166, 174 (1988)).

¶ 17     Defendant faults defense counsel for failing to request an instruction that would have informed the jury that in order for the State to meet its burden of proof for the offense of possession of a firearm with defaced identification marks, the State must prove that defendant knowingly or intentionally possessed the firearm. The State proceeded to trial on the offense of possession of a firearm with defaced identification marks, which is defined as "[a] person who possesses any firearm upon which any such importer's or manufacturer's serial number has been changed, altered, removed or obliterated commits a Class 3 felony." 720 ILCS 5/24-5(b) (West 2006). The jury in this case was instructed using a non-IPI instruction for possession of a firearm with defaced identification marks and the court instructed the jury as follows: "A person commits the offense of Possession of a Firearm with Defaced Identification Marks when he possesses any firearm upon which such importer's or manufacturer's serial number

- 4 -

has been changed, altered, removed or obliterated." This instruction tracks the language of the statute.

¶ 18 Section 24-5(b) of the Criminal Code of 1961 (Code) does not explicitly state the applicable *mens rea*. However, to sustain defendant's conviction of possession of a firearm with a defaced serial number the State is required to prove, beyond a reasonable doubt, that defendant intentionally or knowingly possessed a firearm upon which the serial number has been changed, altered, removed, or obliterated. *Id.*; *People v. Stanley*, 397 Ill. App. 3d 598, 609 (2009). In *Stanley*, after extensive analysis, this court found that although the offense of possession of a defaced firearm does not identify a mental state, the elements of the offense of possession of a defaced firearm are knowledge and possession. Proof of knowledge of the defacement was not required. Therefore, the State must prove the knowing possession of the firearm by defendant but need not prove defendant's knowledge of the character of the firearm. *Id.* at 609. The *Stanley* court rejected the notion that possession of a firearm with defaced identification marks is a strict liability offense. *Id.*

¶ 19 Where the mental state is implied, as it is here, a court is not always required to instruct the jury as to the required mental state. In *People v. Burton*, 201 Ill. App. 3d 116 (1990), the defendant argued he was entitled to instructions setting forth the mental state necessary to convict him of the offense of aggravated criminal sexual assault because a jury must be instructed as to each element of the offense charged. This court found that it was usually not necessary to instruct a jury concerning mental states implied by that section of the Code, but noted:

> "[S]ome mental states involved in offenses, although not specifically mentioned in the statute defining the offense, may be implied in the offense and be specific enough to require instruction to the jury. Under some circumstances, the mental state implied by section 4-3 of the Code may possibly be so specific as to require instruction." *Burton*, 201 Ill. App. 3d at 122.

¶ 20 In *People v. Abdul-Mutakabbir*, 295 Ill. App. 3d 558 (1998), the defendant was convicted of eight counts of false impersonation of a judicial official and appealed the conviction, contending that he was denied a fair trial when the court refused to instruct the jury as to the necessary mental state. After determining that the offense of false impersonation of a judicial officer was not a strict liability offense, this court found that the necessary mental state was knowledge, applicable to the falsity element of the offense. We agreed with the defendant that the mental state of knowledge implied with respect to the falsity element of an offense was specific enough to require an instruction and that the trial court erred in refusing the defendant's request that the word "knowledge" be inserted into the elements instruction. *Id.* "In cases where a person is charged with falsely representing himself to be an attorney authorized to practice law, there will rarely be a question as to whether the representation was false, but there may well be a question as to whether the person knew that the representation was false, especially in the case of a recently suspended attorney." *Id.* at 563.

¶ 21 We conclude the mental state implied in section 24-5(b), being knowingly and intentionally, required to sustain a charge of possession of a defaced firearm is specific enough to require instruction. The offense in this case is no different than the typical possession charge except that the firearm is defaced. *Stanley*, 397 Ill. App. 3d at 607-09 ("section 24-5(b) is unmistakably a possessory offense," but while the defacement "unmistakably bears upon the commission of the offense, it is not an element of the offense"). Typical possessory offenses

similar to the one at issue here, like unlawful use of a weapon (720 ILCS 5/24-1 (West 2006)), require the State to prove the knowing possession of a firearm and require the corresponding IPI instructions informing the jury of the elements of the offense. For example, Illinois Pattern Jury Instructions, Criminal, No. 18.01 (4th ed. 2000) (hereinafter, IPI Criminal 4th No. 18.01), provides the definition of the offense of unlawful use of a weapon under section 24-1 and states that, "[a] person commits the offense of unlawful use of weapons when he knowingly possesses a firearm in a vehicle except when on his land, in his abode, or in his fixed place of business." There is no IPI instruction for a section 24-5(b) offense, so either a modified instruction containing the elements of the offense, including knowledge, was required or IPI Criminal 4th No. 18.01, modified to reflect the firearm being altered or defaced, was required. An instruction, modified to reflect the character of the firearm (*i.e.*, defaced), would have properly informed the jury of the elements required to be proven beyond a reasonable doubt for a violation of section 24-5(b) and should have been given. Therefore, we find that trial counsel was ineffective for failing to request an instruction which would have properly informed the jury that defendant must knowingly possess the firearm with defaced identification marks to be found guilty of that offense. We next turn to the question of whether defendant was prejudiced as a result of counsel's failure.

¶ 22        Although the offense of possession of a defaced weapon is not a strict liability offense, a jury could have, without being properly instructed on the correct mental state, concluded the offense was a strict liability offense. There is no likelihood a jury, without proper instruction, would reach the conclusion of the *Stanley* court that knowledge is the appropriate mental state for the offense of possession of a defaced firearm and that knowledge only applies to the possession element and not to the defendant's knowledge of the defacement. The prior version of section 24-5(b) provided that possession of a firearm on which the identification number has been changed "shall be prima facie evidence that the possessor has changed *** the same." 720 ILCS 5/24-5(b) (West 2002). The prior version did not make possession in and of itself an offense, presumably because criminal possession was encompassed within section 24-1. That prior version of section 24-5(b) was found unconstitutional in *People v. Quinones*, 362 Ill. App. 3d 385 (2005), because it contained an impermissible mandatory rebuttable presumption. The statute was then amended by Public Act 93-906 (Pub. Act 93-906, § 5 (eff. Aug. 11, 2004)) to its current version. However, the current version has been criticized: "Public Act 93-906 converted an offense containing an unconstitutional mandatory presumption into a strict liability offense ***. Instead of requiring the state to either prove the defendant's guilty mind through evidence or through the use of a constitutionally permissible inference based on the conduct of the accused, that element was simply discarded." Theodore A. Gottfried & Peter G. Baroni, *Presumptions, Inferences and Strict Liability in Illinois Criminal Law: Pre-empting the Presumption of Innocence?*, 41 J. Marshall L. Rev. 715, 739-40 (2008). This historical background and critical commentary indicate that, although this court has determined that knowledge is the appropriate mental state, the statute reads like a strict liability offense and a jury would not know otherwise without being so instructed. The non-IPI instruction on possession of a defaced firearm given in this case failed to inform the jury of the elements of this possessory offense, specifically the applicable mental state of knowingly. Furthermore, even if the jury were to glean that "knowledge" is an implied element of the offense of possession of a defaced firearm, it is likely there would be a question as to what component of the offense the element of knowledge applied: the possession or the defacement or both. This is

especially true in this case, where defendant's knowledge of the firearm in the trunk was clearly an issue critical to the charge of possession of a defaced firearm given defendant's denial of its presence and his denial of making any incriminating statements to the police officers.

¶ 23 We conclude that defendant was prejudiced by counsel's failure to request an instruction that correctly set forth the required elements of the offense. In order for the jury to determine whether defendant knowingly possessed the defaced firearm, the jury was required to be properly instructed. *People v. Childs*, 159 Ill. 2d 217, 228-29 (1994) (failing to respond to question asked by jury, or responding in a way that fails to answer the question, may be as prejudicial as a response that is inaccurate, misleading, or likely to direct a verdict one way or another).

¶ 24 In so finding, we reject the State's argument that because the trial court instructed the jury on the elements of the offense of possession of a firearm by repeating the statutory language defining the offense contained in section 24-5(b) and also instructed the jury that possession may be actual or constructive, the court "articulated the knowledge requirement of constructive possession when it provided the pattern instruction on possession." The State contends, "[t]he trial court's use of the pattern instruction for possession, combined with the language of the statute to create a non-pattern instruction on the offense of possession of a firearm with defaced identification marks, rendered the instructions proper in their entirety and unquestionably communicated to the jury the requirement that the defendant's possession of the defaced firearm had to be knowing." The State's circuitous argument does nothing to dissuade us. The non-IPI possession of a defaced firearm instruction given to the jury did not include the word "knowledge," nor did it define the word "knowledge" at all. Furthermore, as we have previously discussed, absent proper instruction, the jury would have no way of knowing that it was required to find that defendant knowingly possessed the firearm. Consequently, we find that counsel was ineffective for failing to request an instruction that properly instructed the jury of the elements of knowing possession of a defaced firearm and remand for a new trial. Because this issue is dispositive, we need not address defendant's plain error arguments.

¶ 25 We must consider, however, whether double jeopardy attaches. Double jeopardy does not preclude retrial of a defendant whose conviction is supported by sufficient evidence but set aside because of errors in process. *People v. Olivera*, 164 Ill. 2d 382, 393 (1995). We note that defendant waived review of the sufficiency of the evidence against him by failing to argue the issue in his brief. *Meyers v. Kissner*, 149 Ill. 2d 1, 8 (1992) (issues not argued are deemed waived). Waiver aside, we conclude that the evidence here is sufficient to support a conviction for possession of a defaced firearm. We make no evidentiary findings that are binding on retrial.

¶ 26                                                CONCLUSION
¶ 27 Based on the foregoing, the matter is reversed and remanded for a new trial.

¶ 28 Reversed and remanded.

- 7 -