2021 IL App (1st) 191392-U

No. 1-19-1392

Order filed November 19, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 311 |
| | ) | |
| ANDREW RAMIREZ, | ) | Honorable |
| | ) | Timothy Joseph Joyce, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Daniel Pierce and Justice Sheldon Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm where the evidence was sufficient to prove defendant's constructive possession of a defaced firearm and the State was not required to prove that defendant knew the serial number on the firearm was defaced.

¶ 2   Following a bench trial, defendant Andrew Ramirez was convicted of possession of a defaced firearm and sentenced to two years' probation. On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he knew the serial number on the firearm was defaced. Alternately, defendant contends that the trial court's comments in finding him guilty

misapprehended the law and erroneously concluded that the State was not required to prove beyond a reasonable doubt that he knew the serial number on the firearm was defaced. For the reasons that follow, we affirm.

¶ 3    The underlying facts are not in dispute. On May 10, 2018, at approximately 11 p.m., Chicago police executed a search warrant at 3234 South Komensky Avenue, a two-story residence. Defendant and his mother, Irene Morales-Ramirez, were present in the home when police entered the residence to execute the search warrant. Because no one answered the door, the police broke down the door.  When the police entered, defendant's mother was at the bottom of the stairs and defendant was coming down the stairs. Defendant's mother was wearing nightclothes while defendant was wearing street clothes. Defendant was initially detained on the first floor landing but was subsequently allowed to go back to the second floor to retrieve shoes from the second bedroom. Thereafter police officers led defendant back downstairs while other police officers focused on the second bedroom as the "target" room and subsequently recovered a 20-gauge Benelli shotgun whose serial number was defaced, a smaller shotgun, a 9 millimeter handgun, ammunition, and suspect cannabis. The Benelli shotgun was recovered from under the mattress of a single bed near where defendant retrieved his shoes. Police also recovered mail from that bedroom bearing defendant's name and the residence address. Police observed a set of bunk beds and a single bed in the room, as well as children's toys, adult men's clothing in the closet, a beige or pink vest, a pair of reddish or pink boots, a red or pink belt, an orange or peach jersey and a black bag that could have been a purse. Members of the tactical team wore body cameras and videotaped the warrant execution and subsequent search of the residence.

¶ 4    There was testimony at trial that defendant told police that the shotguns were upstairs in the bedroom in plain view and that he knew the shotguns were obtained illegally. Defendant was arrested and taken to the police station where he was Mirandized before making a statement. He told police that he bought the shotgun from a coworker for $100 and lunch. The State did not present any direct evidence that defendant knew that the shotgun's serial number was defaced. The parties stipulated at trial that the Benelli shotgun's serial number had been changed, altered, removed, or obliterated.

¶ 5    Following closing arguments, the trial court found defendant guilty. The trial court stated:

"I do believe that the State's evidence proves conclusively and beyond a reasonable doubt that Mr. Ramirez possessed that weapon. The next question is whether he had to have possessed it knowing that it had a defaced firearm or excuse me, a defaced serial number. And pursuant to People versus Lee, 2018 Ill. App. 1st 162563, the State does not have to prove that. They only have to prove that he knowingly possessed the firearm and that the firearm had a defaced or obliterated serial number. There will be a finding of guilty."

¶ 6    Defendant filed a motion for new trial on April 11, 2019, arguing in part that there was no evidence presented that he constructively or directly possessed the defaced firearm or resided at the residence. He also filed a motion to reconsider on the same date raising identical issues. Neither motion contained any argument regarding the issues he raises in this appeal, namely that proof of knowledge is required to sustain his conviction. On April 16, 2019, the trial court denied defendant's posttrial motions and subsequently sentenced him to two years' probation.

¶ 7    Defendant's notice of appeal was filed on June 13, 2019, and the Office of the State Appellate Defender was appointed to represent defendant on June 28, 2019. On January 27, 2021, our supreme court granted defendant's motion for a supervisory order and directed this court to treat defendant's notice of appeal as a properly perfected appeal from the trial court's judgment.

¶ 8    On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he knew the serial number on the firearm was defaced. Alternately, defendant contends that the trial court's comments in finding him guilty misapprehended the law and erroneously concluded that the State was not required to prove beyond a reasonable doubt that he knew the serial number on the firearm was defaced.

¶ 9    As a threshold matter, we note that defendant's posttrial motions did not challenge the sufficiency of the evidence, and neither party addressed this issue in their respective briefs. Moreover, defendant did not request review of his claims under plain error or any other method whereby we can consider a forfeited claim.

¶ 10    Generally, a claim is forfeited when not raised both contemporaneously and in a posttrial motion. *People v. Reese*, 2017 IL 120011, ¶ 60. However, our supreme court has recognized three exceptions to this requirement. *People v. McDonald*, 2016 IL 118882, ¶ 45. Reviewing courts will review (1) constitutional issues properly preserved at trial that may be raised later in a postconviction petition, (2) challenges to the sufficiency of the evidence, and (3) plain errors. *Id.* In *People v. Enoch*, 122 Ill. 2d 176, 190 (1988), our supreme court held that when a defendant only fails to comply with the statutory requirement to file a posttrial motion, we can review issues under one of the three exceptions in order to promote judicial economy and finality of judgments.

¶ 11    Here, as defendant challenges the sufficiency of the evidence in this appeal and failed to raise that issue in his posttrial motions, we will apply the sufficiency of the evidence exception to forfeiture. We now turn to the merits of his contention.

¶ 12    In this appeal, defendant challenges this court's precedential decisions that the State is not required to prove knowledge that the gun's serial number was defaced in order to convict a defendant of possession of a defaced firearm. See *People v. Stanley*, 397 Ill. App. 3d 598 (2009); *People v. Falco*, 2014 IL App (1st) 111797; *People v. Lee*, 2019 IL App (1st) 162563.  Primarily relying on Justice Ellis' specially concurring opinion filed with this court's decision in *Lee*, 2019 IL App (1st) 162563, ¶¶ 77-98, defendant argues that this court's prior decisions are incorrect and instead contends that defacement is "undeniably an element of the offense that the State must prove beyond a reasonable doubt." In support of his conclusion, defendant maintains, without authority, that possession of a defaced firearm is not an absolute liability offense, thus a *mens rea* must be associated with the defacement element. Additionally, defendant contends, again without authority, that the offense must include defacement as an element in order for the statute to be constitutional under the second amendment of the United States Constitution. Because the State did not prove this element beyond a reasonable doubt, defendant asserts that his conviction must be reversed outright.

¶ 13    We initially note that the 2002 version of the applicable statute, 720 ILCS 5/24-5(b) (West 2018)), was previously held unconstitutional by this court in *People v. Quinones*, 362 Ill. App. 3d 385 (2005). Specifically, the 2002 version of section 24-5(b) provided that: "[p]ossession of any firearm upon which any such mark shall have been changed, altered, removed or obliterated shall be prima facie evidence that the possessor has changed, altered, removed or obliterated the same."

720 ILCS 5/24-5(b) (West 2002). The court in *Quinones* found the statute unconstitutional because the statute as written created an unconstitutional mandatory rebuttable presumption of guilt. *Quinones*, 362 Ill. App. 3d at 394.

¶ 14    However, the legislature amended section 24-5(b) in P.A. 93-906, effective August 11, 2004, eliminating the language which conveyed *prima facie* evidentiary status to possession of a defaced firearm. 720 ILCS 5/24-5 (West 2018).  The amended section 24-5(b) provides that: "[a] person who possesses any firearm upon which any such importer's or manufacturer's serial number has been changed, altered, removed or obliterated commits a Class 3 felony." 720 ILCS 5/24-5(b) (West 2018).

¶ 15    When reviewing challenges to the sufficiency of the evidence, our inquiry is whether, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Norris*, 399 Ill. App. 3d 525, 531 (2010). A reviewing court will not reverse a conviction unless the evidence is so improbable or unsatisfactory that it leaves a reasonable doubt of the defendant's guilt. *Id.*

¶ 16    To sustain defendant's conviction of possession of a firearm with a defaced serial number, the State was required to prove that defendant intentionally or knowingly possessed a firearm upon which the serial number has been changed, altered, removed, or obliterated. 720 ILCS 5/24-5(b) (West 2018); *People v. Stanley*, 397 Ill. App. 3d 598, 607 (2009).  As stated above, the issue of whether the required knowledge extends to the defacement of the firearm as an element of the offense has been previously addressed by this court on at least three prior occasions.

¶ 17    In *Stanley*, this court concluded, as a matter of first impression, that the State need not prove knowledge of the character of the firearm to prove possession of a defaced firearm. *Stanley*,

397 Ill. App. 3d at 609. Thus, the State must prove defendant's knowing possession of the defaced firearm but need not prove knowledge of the character of the firearm. *Id.* at 609. In reaching that conclusion, the court analyzed the underlying statute, and noted that it "clearly lack[ed] any *mens rea*. *Id*. at 605. In doing so, the court concluded that section 24-5(b) was "unmistakably a possessory offense," and that the legislature did not intend to create an absolute liability offense for the possession of a defaced firearm. *Id*. at 607. Rather, the court concluded that the State could establish the elements of the offense by proof of either a knowing or intentional mental state on the part of the accused and did so when it alleged that defendant knowingly possessed the firearm. *Id.*; see 720 ILCS 5/4-3(b) (West 2006). Additionally, the court determined whether the knowing mental state applied to the possession of the defaced firearm or knowledge of the defacement. *Stanley*, 397 Ill. App. 3d at 607. We concluded that the *mens rea* applicable to the charge against defendant was knowledge and further that it applied only to the possessory component of the offense in conformance with the legislature's recognition of the potential danger posed by defaced weapons. *Id.* at 608. It found that the mere possession of such weapons was the evil sought to be remedied by the offense, to deter the possession of altered weapons. *Id.*

¶ 18      This court next reviewed its decision in *Falco*, where the defendant contested a conviction for possession of a firearm with a defaced serial number. *Falco*, 2014 IL App (1st) 111797, ¶ 14. Relying on *Stanley*, we found that although the offense of possession of a defaced firearm does not identify a mental state, the elements of the offense are knowledge and possession. *Id*. Proof of knowledge of the defacement was not required, while the State must prove the knowing possession of the firearm by defendant. *Id.*

¶ 19    Similarly, in *Lee* this court found that we "ha[ve] consistently held that under section 24-5(b) the State need only prove knowledge of possession of a gun that has defaced identification marks, and the legislature has not acted to change the law." *Lee*, 2019 IL App (1st) 162563, ¶ 43. We concluded that "[t]he State needed to prove beyond a reasonable doubt only that defendant knowingly possessed a firearm and that the firearm's identification number was defaced." *Id.*

¶ 20    The same conclusion is warranted here, and it is supported by the doctrine of *stare decisis*. That doctrine expresses the policy of courts to stand by precedents and not to disturb settled points. *People v. Caballes*, 221 Ill. 2d 282, 313 (2006). Any departure from *stare decisis* must be specially justified. *People v. Colon*, 225 Ill. 2d 125, 146 (2007). Thus, prior decisions should not be overruled absent good cause or compelling reasons. *Id.*

¶ 21    In challenging this court's prior decisions, defendant heavily relies on the specially concurring opinion filed with *Lee*. His reliance on the words and ideas expressed in that special concurrence is misplaced; those words and ideas are not the decision of this court. See *Carter v. DuPage County Sheriff*, 304 Ill. App. 3d 443, 449 (1999); *Southwestern Illinois Development Authority v. Al-Muhajirum*, 318 Ill. App. 3d 1005, 1008 (2001). Judicial opinions, like judgments, are authority only for what was actually decided in the case. See *In re N.G.*, 2018 IL 121939, ¶ 67. The majority in *Lee* held that knowledge that the gun was defaced was not a necessary element of the offense; in doing so, it adhered to this court's established precedent, and we too will adhere to established precent. Accordingly, we hold that the State was required to prove only that defendant knowingly possessed the defaced firearm and not that he knew the firearm was defaced.

¶ 22    Here, the State did not present evidence at defendant's trial that he actually possessed the defaced firearm but presented evidence to support its theory of constructive possession. To

establish constructive possession, the State must prove that the defendant (1) had knowledge of the presence of the firearm and (2) exercised immediate and exclusive control over the area where the firearm was found. *People v. Spencer*, 2012 IL App (1st) 102094, ¶ 17. Knowledge may be shown by evidence of a defendant's acts, declarations, or conduct from which it can be inferred that he knew the contraband existed in the place where it was found. *People v. Hines*, 2021 IL App (1st) 191378, ¶ 32. Control is established when a person has the intent and capability to maintain control and dominion over an item, even if he lacks personal present dominion over it. *Id*. The defendant's control over the location where weapons are found gives rise to an inference that he possessed the weapons. *Id.* Habitation in the premises where contraband is discovered is sufficient evidence of control to constitute constructive possession. *Spencer*, 2012 IL App (1st) 102094, ¶ 17. Proof of residency in the form of rent receipts, utility bills and clothing in closets is relevant to show the defendant lived on the premises and therefore controlled them. *Id.*, (citing *People v. Cunningham*, 309 Ill. App. 3d 834, 828 (1999)). In deciding whether constructive possession is shown, the trier of fact is entitled to rely on reasonable inferences of knowledge and possession, absent other factors that might create a reasonable doubt as to the defendant's guilt. *Id.*

¶ 23     In the case at bar, defendant told police that there were weapons in the second-floor bedroom where he retrieved his shoes. Police then recovered weapons and other contraband from that bedroom. This evidence shows that defendant had knowledge that the weapons were located on the premises. Additionally, police recovered mail addressed to defendant from the room where the weapons were recovered. There was also some men's clothing in the closet. The only people present at the residence at the time the search warrant was executed were defendant and his mother, and again, defendant told police that the contraband, including the defaced firearm, was located in

the bedroom where he retrieved his shoes. We find that such evidence supports an inference that defendant had immediate and exclusive control over the bedroom where the firearm was found. Furthermore, defendant told police that he purchased the Benelli shotgun from a coworker for $100 and lunch. This evidence shows that defendant knowingly possessed the defaced firearm. Finally, defendant stipulated at trial that the recovered Benelli shotgun was defaced. Viewing the evidence presented at defendant's trial in the light most favorable to the State, as we must, we conclude that a reasonable trier of fact could find that defendant constructively possessed the defaced firearm that was recovered from under the mattress of the single bed.

¶ 24 As an alternate contention, defendant maintains that his conviction should be reversed and remanded for a new trial because the trial court misapprehended the law when it erroneously stated in its comments that the State was not required to prove beyond a reasonable doubt that defendant knew the serial number on the firearm was defaced. He acknowledges that this issue was not preserved for appellate review as it was not objected to at trial nor was it included in his posttrial motions, but states that this court can review it under both prongs of the plain error doctrine.

¶ 25 As previously noted, generally, a claim is forfeited when not raised both contemporaneously at trial and in a posttrial motion. *People v.* Enoch, 122 Ill. 2d 176, 186 (1988). The plain error doctrine allows a reviewing court to address defects affecting substantial rights if the evidence is closely balanced or if fundamental fairness so requires rather than finding the claims forfeited. *People v. Woods*, 214 Ill. 2d 455, 471 (2005). A defendant raising a plain error argument bears the burden of persuasion. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 26 To establish plain error, a defendant must first show that a clear or obvious error occurred (*id.*), and the evidence is so closely balanced that the error alone threatened to tip the scales of

justice against the defendant, regardless of the seriousness of the error (*People v. Naylor*, 229 Ill. 2d 584, 593 (2008)) or that the error was sufficiently grave that it deprived defendant of a fair trial (*People v. Herron*, 215 Ill. 2d 167, 187 (2005)).

¶ 27    The first step in a plain error review is to determine whether the challenged comments constituted error, and the burden is on defendant to establish that an error occurred.  *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007); *People v. Guerrero*, 2020 IL App (1st) 172156, ¶ 15.  We have previously determined herein that the State was only required to prove defendant's knowing possession of the defaced firearm. Thus, we find that the trial court's comments, regarding knowledge of the defacement not being required to find defendant guilty, were correct statements of the law and no error occurred. Where there is no error, there can be no plain error. *People v. Scott*, 2020 IL App (2d) 180378, ¶ 14.   We therefore reject defendant's contention that an error occurred.

¶ 28    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29    Affirmed.