Docket No. 104084.

IN THE

SUPREME COURT

OF

THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMYRA E. BEW, Appellee.

*Opinion filed March 20, 2008.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

Defendant, Jamyra E. Bew, was convicted in the circuit court of Will County of unlawful possession of cannabis with intent to deliver in violation of section 5(g) of the Cannabis Control Act (720 ILCS 550/5(g) (West 2002)) and sentenced to six years in prison. Defendant appealed her conviction, claiming that trial counsel was ineffective for failing to file a motion to suppress evidence. The appellate court, relying on *People v. Cox*, 202 Ill. 2d 462 (2002), reversed the conviction and remanded the cause for a new trial. *People v. Bew*, No. 3–03–0779 (2004) (unpublished order under Supreme Court Rule 23) (*Bew I*). The State filed a petition for leave to appeal. Although the State's petition was denied, this court entered a supervisory order directing the appellate court to vacate its order in *Bew I* and

reconsider the matter in light of the subsequent decisions in *Illinois v. Caballes*, 543 U.S. 405, 160 L. Ed. 2d 842, 125 S. Ct. 834 (2005), and *People v. Caballes*, 221 Ill. 2d 282 (2006) (*Caballes II*).

The appellate court thereafter filed a judgment that reached the same result. No. 3–03–0779 (unpublished order under Supreme Court Rule 23) (*Bew II*). The appellate court continued to rely on *Cox*, without providing adequate analysis of the effect the *Caballes* decisions had on *Cox*. The State again filed a petition for leave to appeal. This court granted the State's petition pursuant to Supreme Court Rules 315 and 612 (210 Ill. 2d Rs. 315, 612). For the reasons that follow, we reverse the judgment of the appellate court.


## BACKGROUND

Officers Brian Prochaska and Jonathan Walsh of the Joliet police department stopped defendant's car in the early morning hours of February 21, 2002, after observing the car stop at an intersection with its front tires in the crosswalk. The officers approached the vehicle and asked defendant for her license and proof of insurance. Defendant was unable to produce either a license or proof of insurance, but did give officers her state identification card. When the officers ran defendant's information through the computer, they discovered that defendant's driver's license had been suspended. The officers then placed defendant and her passengers in the back of their squad car for safekeeping because it was a cold night and the car was going to be impounded pursuant to city policy. The officers requested backup to help shelter defendant and her passengers as well as to begin conducting an inventory search of the car.

Despite the lack of articulable suspicion of the presence marijuana or any other illegal drugs, Officer Prochaska requested a canine unit be sent to the scene. The canine unit was the first of two backup units that responded. As Officer Walsh was completing defendant's citations, the canine unit conducted a sniff of the exterior of defendant's car. The dog alerted on the trunk. Officers opened the trunk and removed a suitcase that they set off to one side of the vehicle. The dog then sniffed the exterior of the suitcase and alerted on the suitcase. Thereafter, the suitcase was opened and police

-2-

discovered a large brick of cannabis that weighed in excess of 17,000 grams (37 pounds).

Defendant's trial counsel filed a motion to suppress defendant's statements, but did not move to suppress the evidence of the cannabis resulting from the dog sniff. On appeal defendant asserted that she had been denied effective assistance of counsel. Defendant argued that trial counsel's failure to file a motion to suppress under *Cox* was deficient performance. Defendant further argued that she was prejudiced because *Cox* would have mandated the suppression of the marijuana and the State could not have prosecuted her without that evidence.

The appellate court, relying on *Cox*, reversed defendant's conviction and remanded the case for a new trial. (*Bew I*). The appellate court reasoned that a motion to suppress under *Cox* enjoyed a reasonable probability of success at trial because the officers "had no suspicion of contraband in the vehicle when they requested the canine unit." *Bew I*, No. 3–03–0779 (2004) (unpublished order under Supreme Court Rule 23). As noted, the State sought leave to appeal to this court, and this court entered a supervisory order directing the appellate court to vacate its decision and reconsider it in light of the *Caballes* decisions.

On remand, the appellate court continued to rely on *Cox* and did not provide an adequate analysis of the *Caballes* decisions, as this court directed. *Bew II*, No. 3–03–0779 (unpublished under Supreme Court Rule 23). The State again petitioned for leave to appeal, and this court granted the State's petition.

The State makes three arguments on appeal. First, the State asserts that the appellate court failed to properly reconsider this case in light of the two subsequent *Caballes* decisions. Second, the search of defendant's car was constitutionally justified under the inventory-search and inevitable-discovery exceptions to the fourth amendment's probable cause and warrant requirements. Finally, the State argues that the appellate court erred in rejecting the State's inevitable-discovery argument as speculative. The State notes that it has never had the opportunity to prove the veracity of this argument, as no motion to suppress was ever filed. Therefore, the State asserts that if this court finds the canine sniff to be illegal, the cause should be

remanded for a hearing on the merits of the inevitable-discovery argument.

Defendant asserts three arguments in response. First, defendant claims that the appellate court's holding that she was denied effective assistance of counsel is correct. Although defendant makes no argument that the appellate court's analysis in *Bew II* was correct, she still asserts that she was denied effective assistance of counsel. Defendant argues that because trial counsel's performance was deficient at the time of trial, defendant was prejudiced by a loss of bargaining leverage in plea negotiations. Second, defendant argues that the record does not support the State's inevitable-discovery argument. Finally, defendant argues that this cause should be remanded for further proceedings, including, if necessary, a motion to suppress. Defendant notes that if the cause is remanded, the State will have the opportunity to present relevant evidence as to its inevitable-discovery argument.

## STANDARD OF REVIEW

The facts relevant to our analysis are not disputed by the parties. The arguments made by the parties present questions of pure law. Accordingly, we review this matter *de novo*. *People v. Rivera*, 227 Ill. 2d 1, 11-12 (2007); *Woods v. Cole*, 181 Ill. 2d 512, 516 (1998).

## ANALYSIS

This court has adopted the two-part test of *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), to determine if a defendant was denied effective assistance of counsel. *People v. Manning*, No. 104300, slip op. at 7 (February 7, 2008). To prevail on such a claim, a defendant must show both that his counsel was deficient and that this deficiency prejudiced the defendant. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

A defendant, to establish deficiency, must prove that counsel's performance, as judged by an objective standard of competence under prevailing professional norms, was so deficient that counsel was not functioning as the "counsel" guaranteed by the sixth amendment. *People v. Evans*, 186 Ill. 2d 83, 93 (1999). See also *People v. Perry*, 224 Ill. 2d 312, 342 (2007). Because adversarial testing cannot

-4-

normally be accomplished without "some investigation into \*\*\* various defense strategies," trial counsel has a duty to make reasonable investigations of law, or to make a reasonable decision that such investigations are unnecessary. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 91 L. Ed. 2d 305, 325, 106 S. Ct. 2574, 2588 (1986), citing *Strickland*, 466 U.S. at 690-91, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066. However, the decision whether to file a motion to suppress is generally "a matter of trial strategy, which is entitled to great deference." *People v. White*, 221 Ill. 2d 1, 21 (2006).

At the time of trial, *Cox* was controlling law. *Cox* held that police officers violate the fourth amendment if they do not have "specific and articulable facts" to justify the use of a canine unit during a routine traffic stop. *Cox*, 202 Ill. 2d at 471. In the present case, the officers testified that they had no suspicion of contraband when they called for a canine unit. Thus, *Cox* would have mandated the exclusion of the marijuana absent the State's proving an exception to the fourth amendment's probable cause and warrant requirements. The record does not shed any light on whether counsel was aware of *Cox* or why counsel would have chosen not to file a motion to suppress under *Cox*. The failure to file such a motion is below prevailing professional norms, as a *Cox*-based motion stood a reasonable chance of success in suppressing the evidence at the time of trial.

The next step in the inquiry is whether defendant was prejudiced by the alleged deficiency. "In order to establish prejudice resulting from failure to file a motion to suppress, a defendant must show a reasonable probability that: (1) the motion would have been granted, and (2) the outcome of the trial would have been different had the evidence been suppressed." *People v. Patterson*, 217 Ill. 2d 407, 438 (2005), citing *People v. Orange*, 168 Ill. 2d 138, 153 (1995).

On remand, the appellate court rested its prejudice determination on the conclusion that post-*Caballes*, a *Cox*-based motion still "enjoyed a reasonable probability of success." *Bew II*, No. 3–03–0779 (2006) (unpublished order under Supreme Court Rule 23). Because the appellate court relied on *Cox*, we now review the proper interpretation of *Cox*, in light of the subsequent *Caballes* decisions.

In *Cox*, this court held that evidence obtained from a suspicionless dog sniff was a violation of the fourth amendment. This court applied *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct.

1868 (1968), to a traffic stop and concluded that the dog sniff was an illegal search. *Cox* gave two justifications for this conclusion. First, the court reasoned that the officers lacked "specific and articulable facts" justifying the request for a canine unit. Second, the court stated that "defendant's detention, considered in light of the scope and purpose of the traffic stop, was overly long." *Cox*, 202 Ill. 2d at 471. Thus, *Cox* held that for a canine sniff to be valid under the fourth amendment, officers must have specific and articulable facts justifying the sniff and the stop must not be unreasonably prolonged. A year later, in *People v. Caballes*, 207 Ill. 2d 504 (2003) (*Caballes I*), this court cited the specific and articulable facts prong of *Cox* to justify the suppression of marijuana found after a canine search at a traffic stop. The court in *Caballes I* held that a canine sniff without specific and articulable facts "unjustifiably broadened the scope of an otherwise routine traffic stop into a drug investigation." *Caballes I*, 207 Ill. 2d at 509, citing *Cox*, 202 Ill. 2d at 467. The majority opinion in *Caballes I* noted that, "[a]s in *Cox*, the police impermissibly broadened the scope of the traffic stop in this case into a drug investigation because there were no specific and articulable facts to support the use of a canine sniff." *Caballes I*, 207 Ill. 2d at 509.

Thereafter, in *Illinois v. Caballes*, 543 U.S. 405, 160 L. Ed. 2d 842, 125 S. Ct. 834 (2005), the United States Supreme Court rejected this court's fourth amendment analysis and vacated this court's *Caballes I* decision. The Court held that,

> "the use of a well-trained narcotics-detection dog–one that 'does not expose noncontraband items that otherwise would remain hidden from public view,' [citation]–during a lawful traffic stop generally does not implicate legitimate privacy interests. *** Any intrusion on respondent's privacy expectations does not rise to the level of a constitutionally cognizable infringement." *Caballes*, 543 U.S. at 409, 160 L. Ed. 2d at 847, 125 S. Ct. at 838.

Therefore, the Court rejected this court's application of fourth amendment principles to a dog sniff. The Court reaffirmed that a dog sniff is *sui generis*, as it discloses only the presence or absence of contraband. *Caballes*, 543 U.S. at 409, 160 L. Ed. 2d at 847, 125 S. Ct. at 838 (citing *United States v. Place*, 462 U.S. 696, 77 L. Ed. 2d

110, 103 S. Ct. 2637 (1983), and *City of Indianapolis v. Edmond*, 531 U.S. 32, 148 L. Ed. 2d 333, 121 S. Ct. 447 (2000)).

On remand, this court acknowledged the Supreme Court decision in *Caballes* and concluded that the Illinois Constitution did not require a different result. *Caballes II*, 221 Ill. 2d 282.

After the *Caballes* decisions, it is clear that a suspicionless dog sniff at a routine traffic stop is not a violation of the fourth amendment. Therefore, there is no basis to claim that a dog sniff is illegal merely because the officers lacked "specific and articulable facts" before calling a canine unit. To the extent that *Cox* held otherwise, *Cox* is now expressly overruled.

While the specific and articulable facts prong of *Cox* is overruled, the duration prong still survives. The duration prong was cited with approval in *Caballes*, 543 U.S. at 407, 160 L. Ed. 2d at 846, 125 S. Ct. at 837, and reaffirmed in *Muehler v. Mena*, 544 U.S. 93, 101, 161 L. Ed. 2d 299, 308-09, 125 S. Ct. 1465, 1471 (2005), (citing *Caballes*), and acknowledged in this court's subsequent decision in *People v. Driggers*, 222 Ill. 2d 65, 73 (2006).

Despite *Caballes* vitiating the "articulable suspicion" prong of *Cox*, the appellate court on remand continued to rely on *Cox* because "the United States Supreme Court noted the *Cox* decision with approval." *Bew II*, No. 3–03–0779 (unpublished order under Supreme Court Rule 23). The appellate court reasoned that the present case was factually similar to *Cox* in that officers had stopped defendant for "a minor traffic violation" and that they had "no suspicion of contraband in the vehicle when they requested the canine unit." *Bew II*, No. 3–03–0779 (unpublished order under Supreme Court Rule 23).[1]

The appellate court's reliance on the Supreme Court's citation to *Cox* is misplaced. The Supreme Court favorably cited *Cox* only to support the point that a traffic stop that is lawful at its inception "can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Caballes*, 543 U.S. at 407, 160 L.

---

[1]The appellate court provided no discussion or argument regarding the duration of defendant's stop. Thus, the entire basis for the appellate court's *Cox* analysis was founded upon the now overruled portion of *Cox*.

Ed. 2d at 846, 125 S. Ct. at 837. The Court continued, noting that had the record in *Caballes* supported such a claim, "a similar result would be warranted." *Caballes*, 543 U.S. at 408, 160 L. Ed. 2d at 846, 125 S. Ct. at 837. Thus, the Court in *Caballes* cited *Cox* for the limited proposition that a lawful seizure can become unlawful if it is unreasonably prolonged. The Court's opinion in *Caballes* did not endorse the articulable-suspicion prong of *Cox*. In fact, as discussed above, the Court implicitly overruled that prong of the *Cox* analysis.

In addition to improperly relying on the overruled portion of *Cox*, *Bew II* overlooked the well-established principle that a defendant may not rely on precedent that has been overruled to claim that trial counsel's deficiencies were prejudicial. See *People v. Coleman*, 168 Ill. 2d 509, 533 (1995), citing *Lockhart v. Fretwell*, 506 U.S. 364, 122 L. Ed. 2d 180, 113 S. Ct. 838 (1993). In *Lockhart*, the Court drew a distinction between the time period in which the two separate prongs of the *Strickland* analysis are to be judged. The Court noted that "in order to determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' " *Lockhart*, 506 U.S. at 371, 122 L. Ed. 2d at 190, 113 S. Ct. at 844, quoting *Strickland*, 466 U.S. at 690, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066. However, the Court went on to reason that the same temporal constraints do not apply to the prejudice prong of the *Strickland* analysis. The Court noted that the prejudice prong focuses on whether counsel's deficiencies render "the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart*, 506 U.S. at 372, 122 L. Ed. 2d at 191, 113 S. Ct. at 844.[2] Thus, the Court allowed subsequent changes in the case law, even those that were adverse to a defendant,

---

[2]It is worth noting that *Lockhart* examined this issue in the context of a collateral review. Although the instant case comes before this court on direct appeal and not as a collateral attack, the principle is nonetheless applicable, as "[j]udicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to all cases pending on direct review at the time the new constitutional rule is declared." *People v. Erickson*, 117 Ill. 2d 271, 288 (1987), citing *Griffith v. Kentucky*, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987).

to nonetheless inform the determination of prejudice. The Court reasoned that to hold otherwise would "grant the defendant a windfall to which the law does not entitle him." *Lockhart*, 506 U.S. at 370, 122 L. Ed. 2d at 189, 113 S. Ct. at 843.

Because the *Caballes* decisions overruled the articulable-suspicion prong of *Cox*, defendant cannot establish prejudice on this basis. Further, because the appellate court relied on the reasonable-suspicion prong to demonstrate that defendant's *Cox*-based motion to suppress enjoyed a reasonable probability of success, the basis of the appellate court's finding of prejudice is now overruled.

Following *Cox*, there are still grounds available to challenge the admissibility of evidence found after a dog sniff of a car during a routine traffic stop. Among these reasons are the duration of the stop, the initial lawfulness of the detention, and the training and reliability of the canine and its handler. See *Caballes*, 543 U.S. 405, 160 L. Ed. 2d 842, 125 S. Ct. 834.

Defendant cites these other grounds for suppression to support her argument that she was denied effective assistance of counsel. Defendant argues that as a result of trial counsel's deficient performance, "defendant cannot challenge the propriety of the initial stop, the accuracy of the drug detection dog, or the adequacy of the canine handler's training."

The State counters defendant's assertion by claiming that a motion to suppress would fail based on the fourth amendment exceptions of inventory searches and inevitable discovery. Further, the State contends that the appellate court's dismissal of these arguments as "speculation and conjecture" is inappropriate, as the State has not had the opportunity to prove these factors because defendant never filed a motion to suppress.

The record is insufficient to support either party's argument. Because no motion to suppress was filed, defendant was unable to argue that the evidence was inadmissable on an alternative basis, and the State never had an opportunity to argue its exceptions to the fourth amendment's probable cause and warrant requirements.

In *Massaro v. United States*, 538 U.S. 500, 155 L. Ed. 2d 714, 123 S. Ct. 1690 (2003), the United States Supreme Court recognized that ineffective assistance of counsel claims are preferably brought on

collateral review rather than on direct appeal. This is particularly true where, as here, the record on direct appeal is insufficient to support a claim of ineffective assistance of counsel. In *Massaro*, the Supreme Court rejected a Second Circuit Court of Appeals rule that required a defendant to bring a claim for ineffective assistance on direct review or else forfeit that claim. In doing so, the Court reasoned that "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro*, 538 U.S. at 504-05, 155 L. Ed. 2d at 720, 123 S. Ct. at 1694. The Court further reasoned that in a collateral proceeding,

> "the defendant 'has a full opportunity to prove facts establishing ineffectiveness of counsel, the government has a full opportunity to present evidence to the contrary, the district court hears spoken words we can see only in print and sees expressions we will never see, and a factual record bearing precisely on the issue is created.' " *Massaro*, 538 U.S. at 506, 155 L. Ed. 2d at 721, 123 S. Ct. at 1694, quoting *United States v. Griffin*, 699 F.2d 1102, 1109 (11th Cir. 1983).

The situation described in *Massaro* is analogous to the present situation. Here, the record on direct appeal is insufficient to address any of defendant's alternative grounds for suppression. It is also insufficient to support any of the State's counter arguments. Therefore, even though we find that defendant has, on this record, failed to prove ineffective assistance of counsel, we note that defendant may raise these alternative grounds for suppression under the Post-Conviction Hearing Act (725 ILCS 5/122–1 through 122–8 (West 2002)). This disposition allows both defendant and the State an opportunity to develop "a factual record bearing precisely on the issue."

As a final note, we address defendant's alternative basis of prejudice, the loss of bargaining leverage in plea negotiations. Defendant contends that had trial counsel recognized the importance of *Cox* and filed a motion to suppress, the State would have been forced to proffer a better plea, which defendant would have accepted. Defendant's argument fails, as it is legally insufficient.

-10-

Defendant's claim is entirely speculative. There is no factual basis in the record to support the contention that defendant and the State were involved in active or serious plea negotiations. There is no evidence that these negotiations would have had a different outcome had a motion to suppress been filed. There is no basis to assert that defendant would have accepted a plea had one been offered. In fact, defendant admits that had the motion to suppress been granted that there would have been no prosecution. *Strickland* requires actual prejudice be shown, not mere speculation as to prejudice. See *People v. Olinger*, 176 Ill. 2d 326, 363 (1997) ("pure speculation falls far short of the demonstration of actual prejudice required by *Strickland*"); *People v. Whitehead*, 169 Ill. 2d 355, 403 (1996) ("Simply put, mere speculation concerning prejudice to the defendant is not sufficient to warrant reversal"); *People v. Palmer*, 162 Ill. 2d 465, 481 (1994) ("Proof of prejudice, however, cannot be based on mere conjecture or speculation as to outcome"), citing *People v. Hills*, 78 Ill. 2d 500 (1980)). Accordingly, this court rejects defendant's argument that she was prejudiced by a loss of leverage in plea negotiations.

## CONCLUSION

The *Caballes* decisions overruled *Cox* to the extent that *Cox* held police must have an articulable suspicion before conducting a canine sniff at a traffic stop. Because the appellate court erred in its reliance on *Cox*, and because the record is insufficient to review the alternative arguments of the parties, we overrule the appellate court, but note that defendant may attempt to utilize the Post-Conviction Hearing Act (725 ILCS 5/122–1 through 122–8 (West 2002)) to raise these alternative grounds and develop a factual record.

Finally, we note that before the appellate court, defendant also claimed that the evidence presented at trial was insufficient to support her conviction. Because the appellate court found defendant's trial counsel was ineffective for failing to file a *Cox*-based motion, it was unnecessary to reach this insufficiency claim. Because this court has reversed the finding of ineffective assistance, we remand the cause to the appellate court for consideration of defendant's remaining argument.

*Appellate court judgment reversed;*
*cause remanded.*