# Illinois Official Reports

## Appellate Court

---

### *People v. Burnett*, 2019 IL App (1st) 163018

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY BURNETT, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-16-3018 |
| Filed | March 29, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CR-13703; the Hon. Matthew E. Coghlan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Arianne Stein, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Justices Pierce and Walker concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Rodney Burnett, appeals his criminal conviction stemming from his arrest for unlawfully possessing a weapon. Defendant argues that his trial counsel was ineffective for failing to file a motion to quash his arrest since, according to defendant, he was arrested without probable cause. However, because there was no pretrial hearing concerning probable cause, the record before us is inadequate to permit review of whether a motion to quash arrest would have had merit. Essentially, all we have in the appellate record is the arresting officer's trial testimony, and since probable cause for the arrest was not an issue at trial, there are insufficient facts to address the matter on direct review. Unable to provide meaningful review, we decline to address defendant's ineffective assistance of counsel claim, and if defendant wishes to pursue the matter, we direct him to do so through the postconviction process. We affirm.

¶ 2                                         I. BACKGROUND

¶ 3        On July 21, 2015, three officers from the Chicago Police Department were on patrol in a police vehicle when they spotted a van that had no front license plate. The officers made a traffic stop, exited their police vehicle, and approached the van. The van had three occupants: the driver and then two individuals in the second row of seats. A third row of seats in the back of the van was unoccupied. Officer Thomas Murphy approached the driver's window, Officer Nicholas Saviano approached the passenger side of the vehicle, and Officer Michael Walsh positioned himself near the rear of the vehicle on the driver's side.

¶ 4        Officer Walsh observed one of the backseat passengers, defendant Rodney Burnett, lean to the left, reach near his waistband, and remove an L-shaped dark object that he then placed backwards onto the vacant third row of seats. Meanwhile, the driver could not produce a driver's license to Officer Murphy, so Officer Murphy ordered the occupants out of the vehicle. After the men exited the van, Officer Walsh entered the vehicle and retrieved the object he had seen defendant place on the third row of seats. It was a semiautomatic handgun. Defendant was arrested.

¶ 5        Defendant did not have a valid firearm owner's identification card or a concealed carry license, so he was charged with aggravated unlawful use of a weapon. Defendant had a prior conviction for possessing an altered credit card, so he had a felony record and was also charged with unlawful use of a weapon by a felon. There is no indication that the officers knew about defendant's felony record or that he did not have a firearm owner's identification card or concealed carry license before arresting him.

¶ 6        Defendant was tried by a jury and found guilty. The trial court merged defendant's unlawful use of a weapon by a felon conviction into his aggravated unlawful use of a weapon conviction. He was sentenced to 4½ years in prison.

¶ 7        On appeal, defendant argues that he was deprived of his constitutional rights because he did not receive effective assistance of counsel. Defendant argues that his trial counsel was constitutionally deficient for failing to file a motion to quash his arrest. Defendant maintains that he was arrested without probable cause because, at the time he was arrested, the only evidence against him was that he possessed a gun. In light of recent rulings by our courts, defendant argues that the mere possession of a gun is no longer sufficient to establish probable

cause to justify an arrest. Thus, defendant contends that his asserted basis for a motion to quash his arrest is meritorious and that there is a reasonable probability that the outcome of the case would have been different had a motion to quash the arrest been filed.

¶ 8                                                          II. ANALYSIS

¶ 9        The United States Constitution guarantees criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI. Thus, where a criminal defendant is convicted of an offense but did not receive constitutionally adequate representation, he can seek relief to vindicate his constitutional right to counsel. See *People v. Burnett*, 385 Ill. App. 3d 610, 614 (2008). To be entitled to relief on a claim of ineffective assistance of counsel, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *People v. Scott*, 2015 IL App (1st) 131503, ¶ 28. We analyze claims of ineffective assistance of counsel by considering the entire record. *People v. Hommerson*, 399 Ill. App. 3d 405, 415 (2010).

¶ 10       This appeal presents a question that stems in part from our supreme court's decision in *People v. Aguilar*, 2013 IL 112116. In *Aguilar*, our supreme court declared as unconstitutional the statute that categorically criminalized the possession of a weapon outside the home. *Id.* ¶¶ 20-22. Since *Aguilar* was decided, this court has had occasion to visit the parameters of the constitutional right to possess a weapon and the contours of the laws that the State may enact to criminalize the possession of weapons. Defendant argues in this case that the officer's mere observation of him in possession of a handgun in the back of the van, without any other evidence, was insufficient to establish probable cause to arrest him.

¶ 11       The record before us does not contain sufficient information about the circumstances of defendant's arrest from which we could determine whether he has an arguably meritorious claim—*i.e.*, whether he was prejudiced by counsel not filing a motion to quash arrest. Because the case just went to trial and defendant did not seek to quash his arrest, the State was only concerned with proving that defendant committed the charged offenses. The State had no reason to demonstrate the factual basis that putatively gave the officers probable cause to arrest defendant in the first place. As the United States Supreme Court has observed, a reviewing court often cannot entertain a claim of ineffective assistance of counsel on direct review when the claimed error was not a focus in the case below. See *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

¶ 12       At trial, Officer Walsh testified that he saw defendant with what looked like a weapon, recovered the weapon from the vehicle, and arrested defendant. Defendant's argument is that, under *Aguilar* and other precedents, his possession of the weapon in and of itself did not give the officers probable cause for an arrest because possessing a weapon, absent any other facts, is not a crime. See *Aguilar*, 2013 IL 112116, ¶¶ 20-22. However, due to the insufficiency of the record for this purpose, we have no way of knowing what the officers' probable cause determination was based upon, so we have no way of knowing whether counsel could be considered ineffective for failing to file a motion to quash arrest.

¶ 13       The Illinois Supreme Court recently addressed the propriety of this court declining to consider certain ineffective assistance of counsel claims on direct review. *People v. Veach*, 2017 IL 120649, ¶¶ 31, 39. The supreme court stated its view that "ineffective assistance of counsel claims may sometimes be better suited to collateral proceedings but only when the

record is incomplete or inadequate for resolving the claim" (*id.* ¶ 46) and instructed us to "carefully consider each ineffective assistance of counsel claim on a case-by-case basis" (*id.* ¶ 48) to determine if the circumstances permit us to adequately address a defendant's ineffective assistance of counsel claim on direct review. See also *People v. Bew*, 228 Ill. 2d 122, 134-35 (2008). In this case, it is clearly apparent that meaningful review of defendant's claim cannot be had without a supplemented record.

¶ 14     Defendant attempts to spin the lack of testimony about probable cause into a conclusion that *there was* no probable cause. Defendant states that "[t]here was no evidence that before police arrested [him], they had probable cause to believe that he lacked a firearm owner's identification card or a concealed-carry license or was not supposed to have a firearm." Defendant states that "[t]he sole basis for the arrest was that Burnett possessed a gun in public," and, thus, the arrest was illegal. But he is drawing an affirmative conclusion from a negative premise. The lack of evidence *currently in the record* concerning probable cause and the officers' pre-arrest beliefs cannot be equated with fact—that there *was no evidence* to support a probable cause determination. The State did not need to show justification for the arrest at trial because it was not an issue, and the lack of evidence demonstrating probable cause currently in the record does not demonstrate that the arrest was, in fact, unjustified.

¶ 15     Per the charged offenses, the only things the State was concerned with proving at trial were that defendant had possession of an immediately accessible weapon, that he did not have a firearm owner's identification card or a concealed carry license, and that he was a felon. The officers' probable cause determination was not challenged, so we have no way to know what the officers took into account in arriving at their determination that they had probable cause to arrest defendant.

¶ 16     A direct appeal of his conviction is not the appropriate vehicle for defendant's claim. Defendant seems to have at least raised a possibility that it could have been wise for counsel to have filed the motion to suppress that he now envisions. But there are countless unknowns that would leave us to completely speculate about whether the motion could have succeeded or whether counsel should have even filed the motion. To further demonstrate the unsuitability of adjudicating the issue raised on appeal, at oral argument, the State made a contention for the first time that it was a crime—a violation of the concealed carry law—simply for the defendant to have placed the weapon on an open seat and not keep it concealed on his person. As also discussed at the oral argument and acknowledged by defendant in response to our questioning, defendant's conduct in trying to hide the weapon during the traffic stop might represent some consciousness of guilt that could factor into a probable cause determination. It would be imprudent for us to reach the question about the existence of probable cause at this stage in the case because there is too much potential information to which we are not privy and because the issue was not visited by the circuit court. For defendant to meet his burden of showing that his trial counsel was deficient for the purpose of obtaining relief on an ineffective assistance of counsel claim, defendant must establish a factual basis for his claim. He cannot do so on direct review in this case. Because the record is insufficient, we must affirm.

¶ 17     As an alternative request for relief, defendant urges us to retain jurisdiction and remand the case for an evidentiary hearing on the question of counsel's ineffectiveness. Counsel's alleged ineffectiveness is not apparent from the record—it involves defendant producing evidence of facts or the nonexistence of facts to support the claims made for the first time after the trial court proceedings concluded. Defendant cites *People v. Fellers*, 2016 IL App (4th) 140486,

¶¶ 34-36, to support his position that remanding for a hearing while retaining jurisdiction is appropriate. But the court in *Fellers* retained jurisdiction and remanded for a hearing expressly because postconviction relief was not available because the defendant had already served his sentence. *Id.* ¶¶ 35-36. There is no reason to apply an exception to the rule here, defendant has the full array of postconviction remedies available for him to pursue. Defendant is collaterally attacking his trial proceedings, and there is a full collateral proceeding available to him that would allow defendant a chance to develop the necessary factual record to collaterally attack the judgment. If defendant so chooses, the proper course for him to take in this case is to pursue relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)). See *Bew*, 228 Ill. 2d at 135.

¶ 18 The only way for defendant to show that his counsel was ineffective is to make a record of the facts that led to his arrest and show that the officers lacked probable cause. We have no record primarily concerned or even concerned at all with the events that led to defendant's arrest. A collateral proceeding is the only way for defendant to supplement the record with the facts he would need to substantiate his claim. Defendant has not and cannot meet his burden to show that he was denied the effective assistance of counsel absent him presenting evidentiary facts or the nonexistence of such facts pertaining to the officers' probable cause determination. Defendant provides no compelling reason as to why he should bypass the process set up for exactly this type of challenge. We decline to reach the merits of defendant's ineffective assistance of counsel claim and we, thus, affirm.

¶ 19 Defendant also contests several of the fines and fees that the trial court assessed against him. Defendant argues that the $5 electronic citation fee and the $5 court system fee were wrongly imposed. Defendant also argues that the $15 state police operations fee, the $50 court system fee, the $25 clerk's records automation fee, the $2 State's Attorney Records Automation Fund fee, the $2 Public Defender Records Automation Fund fee, the $25 Court Document Storage Fund fee, and the $190 felony complaint filing fee all constitutes fines, not fees, and are subject to offset by his *per diem* presentence credit.

¶ 20 The State accedes to defendant's request that we vacate the $5 electronic citation fee and the $5 court system fee. The State agrees that the $50 court system fee and the $15 state police operations fee are fines, not fees, and are subject to offset by defendant's *per diem* presentence credit. The State, however, contends that the $25 clerk's records automation fee, the $2 State's Attorney Records Automation Fund fee, the $2 Public Defender Records Automation Fund fee, the $25 Court Document Storage Fund fee, and the $190 felony complaint filing fee were correctly imposed and, being fees and not fines, are not subject to offset by presentence credit.

¶ 21 While this appeal was pending, our supreme court decided a case that provides some clarity on the fines versus fees issue. See *People v. Clark*, 2018 IL 122495. The supreme court held that the Public Defender Records Automation Fund fee (*id.* ¶ 22), the State's Attorney Records Automation Fund fee (*id.* ¶ 27), the felony complaint filing fee (*id.* ¶ 34), the clerk's records automation fee (*id.* ¶ 41), and the Court Document Storage Fund fee (*id.* ¶ 49) are all properly classified as fees, not fines, and are not subject to offset by presentence credit. *Id.* ¶ 51.

¶ 22 Based on the foregoing, we vacate the $5 electronic citation fee and the $5 court system fee. The $50 court system fee and the $15 state police operations fee are subject to offset by defendant's *per diem* presentence credit. The $25 clerk's records automation fee, the $2 State's Attorney Records Automation Fund fee, the $2 Public Defender Records Automation Fund fee, the $25 Court Document Storage Fund fee, and the $190 felony complaint filing fee stand

as proper fees that are not subject to offset by presentence credit.

¶ 23                                   III. CONCLUSION

¶ 24        Accordingly, we affirm. Fines and fees order corrected consistent with the above (*supra* ¶ 22).

¶ 25        Affirmed.