2020 IL App (1st) 172685-U

No. 1-17-2685

May 13, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 MC1 206050 |
| | ) | |
| DANIELLE JONES, a/k/a Victoria Jones, | ) | Honorable |
| | ) | Robert D. Kuzas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant's conviction for theft of lost or mislaid property is affirmed over her claim for ineffective assistance of counsel because the record shows that a motion to quash arrest and suppress evidence would not have been meritorious.

¶ 2    Following a bench trial, defendant Danielle Jones, a/k/a Victoria Jones, was found guilty of theft of lost or mislaid property and sentenced to 30 days' imprisonment. She appeals, arguing that trial counsel provided ineffective assistance because he did not file a motion to quash arrest and suppress evidence. We affirm.

¶ 3    Defendant was charged with theft of lost or mislaid property (720 ILCS 5/16-2 (West 2016)) following an incident on December 21, 2016. Prior to trial, defense counsel moved to exclude testimony regarding a surveillance video on the basis that the State did not provide the video in discovery, and therefore testimony describing its contents would be inadmissible pursuant to Illinois Rules of Evidence 1001 through 1004 (eff. Jan. 1, 2011). The State conceded it did not have the video and thus could not produce it, but argued it did not need to because the only testimony regarding the video's contents would be offered to describe the testifying officer's course of investigation. The court denied the motion.

¶ 4    At trial, Barbara Henderson testified that on December 21, 2016, she and her daughter went to the Leighton Criminal Court Building around 9:15 a.m. Prior to going through security, Henderson placed her personal items, including her wallet, in a tray. She retrieved her items after going through security but did not see her wallet in the tray. Henderson asked her daughter if she had the wallet, and after learning that she did not, Henderson informed a Cook County Sheriff's Department (CCSD) officer that the wallet was missing. The officer searched the security area but could not find the wallet. He directed Henderson to the officers' room, where she filed a report. Later that day, Officer Kevin Joy contacted Henderson and informed her that he had located her wallet, which he then returned.

¶ 5    On cross-examination, Henderson admitted that she did not see anybody take her wallet. She placed the wallet in the tray, but an officer put the tray on the conveyor belt. After placing her wallet in the tray, Henderson did not see the wallet again until Joy returned it to her. Nothing was missing from the wallet.

¶ 6 Deputy Susana Marquez testified that she had worked for CCSD since 2000. On December 21, 2016, she was working at the Leighton Criminal Court Building when she was told over the radio to go to the sheriff's office. Upon arrival, she learned that a complainant, later identified as Henderson, was missing a brown wallet. Marquez spoke with Henderson and learned that she lost the wallet while going through security.

¶ 7 Following the conversation, Marquez and Joy, her partner, reviewed surveillance video. The video showed "the female entrance where the x-ray machine is, where you could see *** the deputy and you could see people grabbing their items off the machine." Based on that review, Marquez found a suspect, whom she identified as defendant in court, and also determined that defendant went to courtroom 202 after going through security. Marquez and Joy went to courtroom 202, located defendant, and asked her to step outside.

¶ 8 Marquez asked defendant if she had a brown wallet. After defendant said "no," Marquez asked defendant to put her hands on the wall because Marquez was going to conduct a "custodial search." During the search, Marquez found a brown wallet on defendant's person. Defendant admitted that the wallet was not hers, but said she intended to return it to the owner after court.

¶ 9 On cross-examination, Marquez said that on the video she "observed [defendant] grab a bag from the conveyor belt which is where the wallet was and take it." She did not see defendant take anything from the conveyor belt in person. On redirect, Marquez testified as follows:

"Q: With regard to the video you viewed as part of your investigation, did you see the defendant grab the wallet of the victim in that video?

A: I saw her—I remember seeing her grab a bag which was near the wallet.

Q: To be clear, in the video the wallet is a dark, small object?

A: Yes.

Q: And that's the object you saw the defendant grab from the video?

A: Correct."

¶ 10    Defendant moved for a directed verdict, arguing that the State failed to prove she did not intend to return the wallet. The court denied the motion. After closing arguments, the court found defendant guilty. In so finding, the court explained that "[s]omeone" in the video Marquez viewed "takes the small dark item, puts it in their bag." The court also stated that defendant's explanation for keeping the wallet did not "make any sense." The court immediately proceeded to sentencing, and imposed a sentence of 30 days' incarceration.

¶ 11    Through counsel, defendant filed a motion to reconsider and for a new trial. At a hearing on the motion the court ruled that its "[p]revious order [was] to stand" after defendant failed to appear. Defendant did not file a motion to reconsider sentence.

¶ 12    On appeal, defendant argues that trial counsel provided ineffective assistance because he did not file a motion to quash arrest and suppress evidence that Marquez recovered Henderson's wallet from defendant, and that defendant stated she intended to return the wallet after court. According to defendant, such a motion would have succeeded because Marquez lacked probable cause where she "vacillated" in her testimony as to whether the surveillance video showed defendant taking the wallet.

¶ 13    The United States Constitution guarantees effective assistance of counsel to all criminal defendants. U.S. Const., amend. VI. To prevail on a claim that counsel was ineffective, "a defendant must show both that his counsel was deficient and that this deficiency prejudiced the defendant." *People v. Bew*, 228 Ill. 2d 122, 127 (2008) (citing *Strickland v. Washington*, 466 U.S.

668, 687 (1984)). To establish prejudice when an ineffective assistance claim is based on counsel's failure to file a motion to suppress evidence, a defendant "must demonstrate that the unargued suppression motion is meritorious, and that a reasonable probability exists that the trial outcome would have been different had the evidence been suppressed." *People v. Henderson*, 2013 IL 114040, ¶ 15. When reviewing an ineffective assistance of counsel claim, this court defers to the trial court's findings of fact and will not disturb them unless they are against the manifest weight of the evidence. *People v. Stanley*, 397 Ill. App. 3d 598, 612 (2009). The legal question of whether counsel's conduct amounts to ineffective assistance is considered *de novo*. *Id.*

¶ 14    The fourth amendment guarantees the right to be free from unreasonable search and seizure. U.S. Const., amend. IV. "An arrest occurs when a person's freedom of movement is restrained by physical force or a show of authority." *People v. Surles*, 2011 IL App (1st) 100068, ¶ 23; see also *People v. Hopkins*, 235 Ill. 2d 453, 473 (2009). For an arrest to constitute a reasonable seizure, it typically must be made pursuant to a warrant. *People v. Johnson*, 237 Ill. 2d 81, 89 (2010). A warrantless arrest is valid only if supported by probable cause. *People v. Grant*, 2013 IL 112734, ¶ 11. If an officer has made a lawful warrantless arrest, he may conduct a warrantless custodial search of the suspect incident to that arrest. *People v. Cregan*, 2014 IL 113600, ¶ 63 (citing *U.S. v. Robinson*, 414 U.S. 218, 235 (1973)).

¶ 15    An officer has probable cause to arrest when, based on the totality of the circumstances, "the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime." *Grant*, 2013 IL 112734, ¶ 11. An officer's "factual knowledge, based on law enforcement experience, is relevant" to this determination. *Id.* Whether probable cause exists is "governed by commonsense considerations,

and the calculation concerns the probability of criminal activity," not "proof beyond a reasonable doubt." *Hopkins*, 235 Ill. 2d at 472.

¶ 16     The evidence at trial showed that Marquez and Joy reviewed surveillance video from the location in which Henderson lost her wallet. On the video, Marquez saw defendant "grab" a bag that was near the wallet on the conveyor belt. The prosecutor asked whether the wallet appeared as a "dark, small object" in the video and whether "that's the object you saw the defendant grab." Marquez responded affirmatively. The officers located defendant in a courtroom and removed her to the hallway. After defendant denied possessing the wallet, Marquez told defendant to put her hands on the wall and performed a custodial search, which revealed Henderson's wallet. Defendant admitted the wallet did not belong to her and said she intended to return it after court.

¶ 17     We find that defendant's motion to quash arrest and suppress evidence would not have been meritorious. A reasonably cautious person, after viewing surveillance video of an individual taking an item that had been reported stolen, would have concluded that the individual committed a crime. Marquez therefore would have had probable cause to arrest defendant at the time Marquez ordered defendant to put her hands on the wall, and would have been justified in performing the subsequent search. *Cregan*, 2014 IL 113600, ¶ 63.

¶ 18     Notwithstanding, defendant contends that Marquez never testified that she saw defendant remove the wallet from the conveyor belt, and therefore lacked probable cause to arrest. We disagree, as defendant's argument is not supported by the trial record. The prosecutor specifically asked Marquez to clarify that the wallet was a dark, small object, and that it was this dark, small object Marquez saw defendant remove from the conveyor belt in the video. Marquez affirmed that it was. This testimony does not lend itself to the ambiguity defendant suggests.

¶ 19    Based on the totality of the circumstances, Marquez had probable cause to arrest defendant. Thus, defendant's motion to quash arrest and suppress evidence would not have been meritorious, and she cannot establish the prejudice required to succeed on an ineffective assistance of counsel claim. Accordingly, we affirm her conviction for theft of lost or mislaid property.

¶ 20    Affirmed.