**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 190476-U

Order filed March 22, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0476 Circuit No. 16-CF-309 |
| | ) | |
| EUGENE LAMARR STAMPS, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON[1] delivered the judgment of the court.
Justices McDade and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant's ineffective assistance claim is better suited for collateral review. The court complied with Rule 431(b).

¶ 2    Defendant, Eugene Lamarr Stamps, appeals his conviction for unlawful delivery of a controlled substance. Defendant argues that counsel provided ineffective assistance by failing to file a motion to suppress a video and audio recording because it was improperly obtained without

_____

[1]This case was administratively reassigned to Justice Peterson for authorship on December 19, 2022, however, Justice Peterson has listened to the recording of the oral argument.

prior judicial approval. He further argues that the court committed plain error by failing to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) and that the error requires reversal because the evidence is closely balanced. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with unlawful delivery of a controlled substance (720 ILCS 570/401(d) (West 2014)) and alleged that he knowingly delivered less than one gram of a substance containing heroin to a confidential informant. The matter proceeded to a jury trial.

¶ 5        During jury selection, the court addressed a group of 13 prospective jurors as follows:

> "I want to ask you a question now that relates to *** those fundamental propositions of law that are part of a criminal case, and these questions are so important that the Illinois Supreme Court requires that I ask this following question, and that each juror answer. And if somebody wants me to repeat the question, I will. But I'll start with Ms. Newberry.
>
> Ms. Newberry, do you understand and accept the following propositions of law:"

The court then set forth the four propositions as required by Rule 431(b). When the court finished, it asked, "Do you understand and accept each of those propositions?" Newberry responded affirmatively. The court then asked, "Ms. Norvell, do you?" and she responded affirmatively. The court continued with each of the prospective jurors by stating their name, but without repeating the question, and each prospective juror responded affirmatively. The court addressed the next group of 15 prospective jurors as follows: "Mr. Moss – and then I'm going to – this is that question having to do with the fundamental principles, and we're just going to go around here. Mr. Moss, do you understand and accept the following propositions of law." The

court then set forth the four propositions as required by Rule 431(b). When the court finished, it asked, "Do you understand and accept all of those propositions?" Moss responded affirmatively. The court then continued with each of the rest of the prospective jurors by stating their name, but without repeating the question, and each responded affirmatively.

¶ 6　　　During trial, a confidential informant testified that she worked with the police by wearing a camera and purchasing heroin from defendant. In court, she identified the video and audio recording from the camera. The recording was played for the jury. There was no testimony regarding whether the police obtained approval from a judge or the State's Attorney prior to utilizing the camera. The jury found defendant guilty, and the court sentenced him to nine years' imprisonment. Defendant appeals.

¶ 7　　　　　　　　　　　　　　II. ANALYSIS

¶ 8　　　　　　　　　　　A. Ineffective Assistance of Counsel

¶ 9　　　Defendant argues that counsel provided ineffective assistance by failing to move to suppress the audio and video recording because it was improperly obtained without prior approval as required by statute. The State argues that this claim is better suited for collateral review because the record is inadequate to resolve the claim.

¶ 10　　　To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient, and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish defendant's prejudice resulting from counsel's failure to file a motion to suppress evidence, a defendant must show that: (1) the unargued suppression motion is meritorious (*i.e.*, would have succeeded); and (2) there is a reasonable probability that the outcome of the trial would have been different had the evidence been suppressed." *People v. Tayborn*, 2016 IL App (3d) 130594, ¶ 17 (citing *People v.*

3

*Henderson*, 2013 IL 114040, ¶¶ 12, 15). Ineffective assistance of counsel claims are better suited for collateral review when "the record on direct appeal is insufficient to support a claim of ineffective assistance of counsel." *People v. Bew*, 228 Ill. 2d 122, 134 (2008).

¶ 11    The court or the State's Attorney may authorize law enforcement to use an eavesdropping device. See *e.g.*, 720 ILCS 5/14-3(q)(1) (West 2014) (providing for approval by the State's Attorney in certain circumstances); 725 ILCS 5/108(A)-1(West 2014) (providing for judicial approval); see also 720 ILCS 5/14-1(a) (West 2014) (defining an eavesdropping device as including a device capable of being used to record an oral conversation). When approval is not properly obtained or the appropriate procedure is not followed, evidence obtained through the use of an eavesdropping device may be suppressed. See 720 ILCS 5/14-3(q)(5) (West 2014); 725 ILCS 5/108(A)-9 (West 2014).

¶ 12    Here, the record is devoid of any information or records regarding whether law enforcement properly obtained approval prior to utilizing a device to record defendant. The lack of such records does not necessarily mean they do not exist or that law enforcement failed to obtain approval. Without the records or confirmation that law enforcement did not obtain approval, we are unable to determine whether any basis existed for defense counsel to move to suppress the recording admitted during trial. Therefore, we are unable to assess counsel's performance in failing to file a motion to suppress or whether any such motion could have been successful. Simply put, the record needs more development to determine whether counsel provided ineffective assistance, and therefore, we conclude that this claim is better suited for

4

collateral proceedings. See *Bew*, 228 Ill. 2d at 134-35. Accordingly, this claim fails on the record before us but may be brought in a collateral proceeding.[2]

¶ 13                                          B. Rule 431(b)

¶ 14      Defendant argues that the court failed to comply with Rule 431(b) when it admonished small groups of prospective jurors as to all of the Rule 431(b) principles, collectively, and then asked each prospective juror if they understood and accepted "those propositions." Specifically, defendant takes issue with the fact that the court addressed only one juror in each group by name prior to setting forth the principles. Defendant acknowledges that he forfeited this issue (see *People v. Enoch*, 122 Ill. 2d 176, 186 (1988)), but argues that it is reviewable under the closely balanced prong of the plain error doctrine.

¶ 15      The plain error doctrine allows a forfeited error to be reviewed when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant." *People v. Belknap*, 2014 IL 117094, ¶ 48. The first step in applying the plain error doctrine is to determine whether a clear or obvious error occurred. *People v. Sebby*, 2017 IL 119445, ¶ 49.

¶ 16      Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) provides that "[t]he court shall ask each potential juror, individually or in a group, whether that juror understands and accepts" four

---

[2]We realize that ineffective assistance claims premised on the failure to file a motion to suppress can, in some instances, be disposed of on the basis that the outcome of the proceedings would not have been different absent the complained of evidence. However, under the circumstances of this case, we are not in a position to make such a determination. Specifically, defendant's prejudice argument essentially assumed that the video recording would have been suppressed along with the audio. But, subsequent to briefing in this matter, our supreme court decided *People v. Davis*, 2021 IL 126435, ¶ 41, which held that where audio is suppressed because it was illegally obtained, simultaneously recorded video is admissible. Although counsel acknowledged *Davis* and had a brief opportunity during oral argument to address prejudice from the failure to exclude the audio only, defendant has not had an opportunity to fully brief and present such an argument. Additionally, due to the State's position that the matter is better suited for collateral proceedings, it has not made an argument as to whether suppression of the audio would have impacted the outcome. We decline to speculate as to what the parties' arguments would be in this regard.

principles. In *People v. Birge*, 2021 IL 125644, ¶ 4, the circuit court addressed the prospective jurors in two groups. For the first group, it set forth the four principles required by Rule 431(b) and then asked, by a show of hands, if the jurors understood those principles. *Id.* All jurors raised their hands. *Id.* It then asked, by a show of hands, if the jurors accepted those principles. *Id.* All jurors again raised their hands. *Id.* The circuit court addressed the second group of prospective jurors in substantially the same way. *Id.*, ¶ 6. Our supreme court concluded that this process comported with the requirements of Rule 431(b) and thus, the circuit court did not err in proceeding as it did. *Id.*, ¶¶ 38, 40, 42. In doing so, the court rejected an argument that it was error to group the principles together and stated, "there is no requirement that the trial court recite the four principles separately." *Id.*, ¶ 34. *Birge* determined that "a court complies with Rule 431(b) if it (1) instructs the prospective jurors on the four principles, (2) asks if the prospective jurors understand those principles, and (3) asks if the prospective jurors accept those principles." *Id.*

¶ 17        Here, the court read the four Rule 431(b) principles to the two groups of jurors. It then asked the question "[d]o you understand and accept" those principles. This is similar to the process that the court in *Birge* determined was compliant with Rule 431(b). However, the process here differed in that, prior to providing the four principles to each group, the court specifically addressed one juror in each group by name. But, contrary to defendant's argument, this did not signal that the other jurors need not listen closely where the court specifically stated to the first group that each juror must answer the question it was going to ask and told the second group that it would ask the question and then "go around," signaling that all would be required to answer. Moreover, there is no indication in the record that the jurors were confused by the principles, confused by the process the court used, or failed to understand what they were being

6

asked when called on by name. *Id.*, ¶ 41 ("Nothing in the record suggests that the jurors were confused by the court's presentation of the Rule 431(b) principles."). Therefore, we cannot say the court failed to comply with Rule 431(b). In sum, the court did all that was required of it under Rule 431(b) when it instructed the prospective jurors on the four principles, and asked each of the prospective jurors if they understood and accepted those principles. Thus, the court did not err.

¶ 18                                    III. CONCLUSION

¶ 19          The judgment of the circuit court of Kankakee County is affirmed.

¶ 20          Affirmed.