2026 IL App (1st) 241671-U

SIXTH DIVISION

June 26, 2026

No. 1-24-1671

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11CR18171 |
| RANDALL BEHNING, | ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Marc W. Martin, Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Defendant failed to make a substantial showing that trial counsel rendered ineffective assistance where the alleged deficiencies in counsel's examination of witnesses and presentation of evidence did not establish prejudice warranting a third-stage evidentiary hearing.

¶ 2     Defendant, Randall Behning, appeals from the second-stage dismissal of his amended post-conviction petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). Behning contends the amended petition made a substantial showing that trial counsel rendered ineffective assistance by inadequately examining certain witnesses and by failing to present additional forensic evidence, thereby entitling him to a third-stage evidentiary hearing. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4     Following a bench trial, defendant Randall Behning was found guilty of multiple sexual offenses involving his minor stepdaughter, M.M., and was sentenced to an aggregate term of 36 years' imprisonment. On direct appeal, this court affirmed Behning's convictions and sentence. *People v. Behning*, 2015 IL App (1st) 133825-U.

¶ 5     At trial, the State presented testimony from M.M. concerning a series of incidents that occurred while she was a minor and living with Behning. M.M. stated that Behning engaged in repeated sexual conduct with her over an extended period. She further testified regarding an incident involving Behning's neighbor, Kyle Peters, as well as Behning's creation and possession of sexually explicit photographs of her. The State also presented testimony from law enforcement officers involved in the investigation. Behning challenged M.M.'s credibility through cross-examination and presented testimony from several witnesses, including Peters, who denied participating in or observing the conduct attributed to him by M.M. Behning also introduced evidence intended to challenge portions of M.M.'s account and the State's proof.

¶ 6     The circuit court found M.M.'s testimony credible, found Behning guilty of multiple offenses, and imposed an aggregate sentence of 36 years' imprisonment.

¶ 7    Following the affirmance of Behning's convictions on direct appeal, he filed a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). The petition advanced to the second stage, where counsel was appointed and an amended petition was filed.

¶ 8    Relevant to this appeal, the amended petition alleged that trial counsel rendered ineffective assistance by inadequately examining Peters and Detective Carla Carter, and by failing to present testimony from Patricia Glees. Behning alleged these deficiencies deprived him of a fair trial and entitled him to a third-stage evidentiary hearing. The State moved to dismiss the amended petition, arguing Behning failed to make a substantial showing of a constitutional violation. After briefing and argument, the circuit court granted the State's motion, concluding that Behning failed to make a substantial showing of a constitutional violation. This appeal followed.

¶ 9                                    JURISDICTION

¶ 10   The circuit court granted the State's motion to dismiss Behning's amended post-conviction petition on July 26, 2024. Behning filed a timely notice of appeal on August 9, 2024. Accordingly, this court has jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 11                                    ANALYSIS

¶ 12   Behning contends the circuit court erred in granting the State's motion to dismiss his amended post-conviction petition at the second stage. Specifically, he argues the amended petition made a substantial showing that trial counsel rendered ineffective assistance by inadequately examining Kyle Peters, failing to adequately examine Detective Carla Carter, and failing to present testimony from Patricia Glees. Behning further argues these alleged deficiencies entitle him to a third-stage evidentiary hearing.

¶ 13 The Post-Conviction Hearing Act ("the Act") provides a mechanism by which a criminal defendant may assert that their conviction resulted from a substantial denial of their constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2022). At the second stage of post-conviction proceedings, the circuit court determines whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. *People v. Domagala*, 2013 IL 113688, ¶ 35. We review the second-stage dismissal of a post-conviction petition *de novo*. *Id*.

¶ 14 Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To obtain relief, a defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. *Id*. at 687; *Domagala*, 2013 IL 113688, ¶ 36. To establish prejudice, a defendant must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. At the second stage of post-conviction proceedings, a defendant must make a substantial showing of both deficient performance and resulting prejudice. *Domagala*, 2013 IL 113688, ¶ 35.

¶ 15 First, Behning argues trial counsel was ineffective in the examination of Kyle Peters. Specifically, he argues counsel failed to adequately impeach Peters and elicit testimony that would have undermined M.M.'s testimony. The State counters that the claim is forfeited because it is based entirely on matters appearing in the trial record, and, alternatively, Behning failed to make a substantial showing of either deficient performance or resulting prejudice.

¶ 16 We need not determine whether Behning forfeited his claim because, even assuming the claim is properly before us, he has failed to make a substantial showing of ineffective assistance. Counsel's decisions regarding the scope and manner of witness examination are generally matters of trial strategy, which are entitled to substantial deference. *People v. Pecoraro*, 175 Ill. 2d 294,

326-27 (1997); *People v. Bew*, 228 Ill. 2d 122, 128 (2008). The record supports the contention that counsel challenged the State's case and examined Peters regarding matters relevant to the defense. Behning's allegations amount largely to assertions that counsel should have asked additional questions or pursued a different strategy. Such allegations, without more, do not overcome the strong presumption that counsel's performance constituted sound trial strategy. *Strickland*, 466 U.S. at 689.

¶ 17   Behning has also failed to make a substantial showing of prejudice. Behning has not demonstrated that additional examination of Peters would have created a reasonable probability of a different result at trial. *Domagala*, 2013 IL 113688, ¶ 36. The circuit court heard testimony from the witnesses, assessed their credibility, and found Behning guilty. See *People v. Siguenza-Brito*, 235 Ill. 2d 213, 230 (2009) (Stating that it is the responsibility of the trier of fact to determine the credibility of witnesses). The court specifically credited M.M.'s testimony and rejected Behning's attempt to discredit her testimony. Behning's assertions regarding the testimony he believes counsel should have elicited are insufficient to undermine confidence in the outcome of the proceedings. Accordingly, Behning has failed to make a substantial showing that trial counsel rendered ineffective assistance in examining Peters.

¶ 18   Next, Behning argues trial counsel rendered ineffective assistance by failing to adequately examine Detective Carter and by failing to present testimony from Patricia Glees. Behning contends that additional testimony from Carter and Glees would have weakened the State's theory regarding his connection to the forensic evidence presented. Specifically, he argues counsel should have elicited or presented testimony showing other individuals had access to the computer and that the forensic evidence did not conclusively establish his exclusive control over the relevant files.

¶ 19   Even accepting Behning's allegations regarding the proposed testimony as true, the evidence would have shown, at most, that other individuals may have had access to the computer or the forensic evidence did not conclusively establish exclusive access or control. The possibility of access by others, without more, does not establish that another person created, possessed, modified, or controlled the relevant files. See *People v. Spencer*, 2016 IL App (1st) 151254, ¶ 25 ("A person may have constructive possession of contraband even if that possession is joint or others have access to the area where the contraband was recovered").

¶ 20   The record also shows that trial counsel did not ignore the issue of access to the computer. Counsel challenged the State's proof regarding the digital evidence and argued the evidence did not establish exclusive control by Behning. The additional testimony Behning now identified would have supplemented a theory already presented to the court, but it would not have transformed the defense or created a reasonable probability of a different result at trial. *Domagala*, 2013 IL 113688, ¶ 36.

¶ 21   Behning's argument regarding Glees is likewise insufficient. Decisions concerning whether to call a particular witness generally involve matters of trial strategy. *People v. Enis*, 194 Ill. 2d 361, 378 (2000). Although Behning maintains Glees could have provided testimony favorable to his defense, the proposed testimony would have concerned the interpretation of forensic evidence and the possibility of access by others. It would not have established that someone other than Behning was responsible for the relevant files. Thus, even assuming Glees would have testified consistently with the materials attached in Behning's amended petition, Behning has not shown a reasonable probability the testimony of Glees would have changed the outcome of the trial.

¶ 22   Behning's allegations concerning Peters, Detective Carter, and Glees do not make a substantial showing of prejudice. The amended petition does not demonstrate a reasonable

probability that additional examination or additional forensic testimony would have changed the result of the trial. Rather, Behning's claims largely challenge the weight given to the evidence and the credibility determinations made by the circuit court. Because Behning has not shown a reasonable probability the outcome of the trial would have been different had counsel proceeded as he now suggests, he has not made a substantial showing of a constitutional violation.

¶ 23                                          CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 25    Affirmed.