NOTICE

Decision filed 01/08/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230782-U

NO. 5-23-0782

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 21-CF-1739 |
| | ) | |
| TREVON RAYMOND, | ) | Honorable |
| | ) | John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justice Welch concurred in the judgment.
Justice McHaney dissented.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's September 18, 2023, order of detention where the defendant failed to prove second-prong plain error and failed to prove ineffective assistance of counsel.[1]

¶ 2   The defendant, Trevon Raymond, appeals the September 18, 2023, order of the circuit court of St. Clair County granting the State's verified petition for pretrial detention and ordering him detained. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before December 5, 2023, absent a finding of good cause for extending the deadline. A summary order in this case was filed by the court on December 5, 2023. On December 12, 2023, the defendant filed a petition for rehearing, and this new order is being issued in response. Based on the foregoing, we find there to be good cause for extending the deadline.

1

(SAFE-T) Act (Act),[2] as codified in article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)). His appeal addresses a narrow issue only relevant to those defendants who were arrested and detained prior to the Act taking effect. Therefore, our holding should not be construed to affect those defendants arrested on or after the effective date of the Act. For the following reasons, we affirm the circuit court's order.

¶ 3      Initially, this court issued a summary order in this case on December 5, 2023. The defendant filed a timely petition for rehearing pursuant to Illinois Supreme Court Rule 367 (eff. Nov. 1, 2017). After considering the petition for rehearing, we grant the petition, withdraw our prior order of December 5, 2023, filed pursuant to Illinois Supreme Court Rule 23(c) (eff. Feb. 1, 2023) (*People v. Raymond*, No. 5-23-0782 (2023)), and substitute this order in its place. For the following reasons, we affirm the circuit court's order.

¶ 4                                    I. BACKGROUND

¶ 5      On November 5, 2021, the defendant was charged by criminal complaint with the offenses of reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2020)), aggravated fleeing or attempting to elude a peace officer (625 ILCS 5/11-204.1(a)(2) (West 2020)), and aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2020)), in St. Clair County, Illinois. Bond was set at $60,000. Said complaint was superseded by an indictment filed on November 19, 2021, and bond remained set at $60,000. On August 23, 2023, the defendant filed a motion for release pursuant to section 110-7.5 of the Code (725 ILCS 5/110-7.5 (West 2022)). On September 12, 2023, the State filed a verified petition seeking to deny pretrial release pursuant to section 110-6.1(a)(1.5) (*id.* § 110-6.1(a)(1.5)). On September 18, 2023, the circuit court held a hearing on the

_____

[2]The press and some politicians have also sometimes referred to the Act as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

defendant's motion and the State's petition. It issued an order finding by clear and convincing evidence: (1) the proof was evident or presumption great that the defendant committed a qualifying offense; (2) defendant posed a flight risk and there were no conditions or combination of conditions that could mitigate the real and present threat of the defendant's willful flight; (3) the defendant posed a real and present danger/threat to the safety of any person or persons or the community and there were no conditions or combination of conditions that could mitigate the real and present danger/threat the defendant posed to any person or persons or the community; and (4) less restrictive conditions would not ensure the safety of the community or ensure the defendant's appearance in court. The circuit court ordered the defendant remanded to the custody of the St. Clair County Sheriff for confinement in the county jail until further order of court. The defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 6 The defendant filed his notice of appeal on September 29, 2023. The notice of appeal did not describe or include any request for relief. The notice of appeal checked certain boxes that listed the following as grounds for the appeal: (1) the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed the offense(s) charged; (2) the State failed to meet its burden of proving by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (3) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight. The defendant did not provide supporting reasons in the space underneath any of the argument headings.

3

¶ 7   On October 31, 2023, the defendant filed a memorandum in support of his appeal. In the memorandum, the defendant argued (1) the State could not petition to deny the defendant pretrial release because the defendant was already charged, had already appeared in court prior to the effective date of the Act, and the State did not petition to detain him at that time and the defendant could not be detained because he was previously ordered released with the condition of depositing monetary security, and (2) alternatively, that trial counsel was ineffective for failing to move to strike the State's petition. The memorandum does not address any issue "checked" in the defendant's notice of appeal. On November 20, 2023, the State filed a combined motion to strike the argument contained in defendant's memorandum and motion to dismiss for failure to comply with Rule 604(h).

¶ 8                                    II. ANALYSIS

¶ 9                                 A. Notice of Appeal

¶ 10   "Whether a supreme court rule has been violated is a question of law, for which the standard of review is *de novo*." *People v. Lozada*, 323 Ill. App. 3d 1015, 1018 (2001). "The interpretation of a supreme court rule is a question of law reviewable under the *de novo* standard of review." *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 15 (citing *People v. Drum*, 194 Ill. 2d 485, 488 (2000)). When interpreting supreme court rules, "we must ascertain and give effect to the drafters' intent." *People v. Gorss*, 2022 IL 126464, ¶ 10. "The most reliable indicator of the drafters' intent is the language of the rule, which must be given its plain and ordinary meaning." *Id.* If the language of the rule is clear and unambiguous, we will apply it as written. *Id.* "Moreover, where the language is plain and unambiguous, we may not 'depart from its terms' or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." *Id.* (quoting *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009)).

¶ 11    Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) governs appeals from pretrial detention orders. Rule 604(h)(2) states, in part: "The Notice of Appeal *shall* describe the relief requested and the grounds for the relief requested." (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 12    The appellate court, in *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12, recently discussed the tension between Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and Illinois Supreme Court Rule 604(h). It found "[a]s a matter of practicality, Rule 341 cannot govern here, but we should not ignore the principles producing the rule—namely, coherent argument and analysis supported by proper record citations and legal authorities." *Id.* Continuing, the court stated, "Even the new Rule 604(h) requires the notice of appeal to include a description of the relief to be requested '*and the grounds for the relief requested.*' " (Emphasis in original.) *Id.* (quoting Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023)). The court determined that "[t]his would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority." *Id.*

¶ 13    Turning to the notice of appeal herein, the record reveals the defendant's notice of appeal fails to describe the relief requested and fails to provide reasoning in support of the arguments therein. The defendant couched his claims in the conclusory language of the Code and referred to no evidence in the record upon which to evaluate his claims. He furthermore fails to provide any legal argument or authority in support of his claims. Moreover, the defendant's subsequently filed memorandum fails to provide any reference whatsoever to those contentions checked in the notice of appeal. As *Inman* states, it is well established that "[a] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument

5

presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Id.*; see *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. An allegation is not an argument. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Without argument in either the notice of appeal or memorandum, we have nothing on which to base an analysis of the defendant's allegations on appeal. Therefore, we decline to address all issues not argued by the defendant.

¶ 14                                B. Memorandum in Support of Appeal

¶ 15                                            1. *Plain Error*

¶ 16     We now turn our attention to the defendant's memorandum in support of this appeal. Notably, the defendant's memorandum argues a point of contention not included in the notice of appeal and raises an issue not presented to the circuit court. "It is well settled that issues not raised in the trial court are deemed [forfeited] and may not be raised for the first time on appeal." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996).

¶ 17     However, Illinois Supreme Court Rule 615(a) (eff. Jan. 1, 1967) "embodies the exception" to the rule of forfeiture. *People v. Carlson*, 79 Ill. 2d 564, 576 (1980). "The plain-error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error in specific circumstances." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). The "plain error rule is a narrow exception to forfeiture principles." *People v. Jackson*, 2022 IL 127256, ¶ 18. Before this court will consider a previously unraised error, the appealing party must request that we review it under the plain-error doctrine. *People v. Hillier*, 237 Ill. 2d 539, 127256, ¶ 19. There are two possible prongs under which the rule may apply. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Plain-error review is applied under the first prong when "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against

6

the defendant, regardless of the seriousness of the error." *Id.* Plain error review is applied under the second prong when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Id.* The defendant carries the burden of persuasion under either prong. *Thompson*, 238 Ill. 2d at 613.

¶ 18 Here, the defendant requests second-prong plain error review. Citing section 110-6.1(c), he argues that the Act does not allow the State to file a petition to deny pretrial release unless the petition is filed at the defendant's first appearance or shortly thereafter upon his arrest and release. 725 ILCS 5/110-6.1(c) (West 2022). The defendant further argues, "Because the Act does not permit the State to file a petition to detain a defendant who remains incarcerated simply because they could not meet their financial obligation of bond, the court did not have authority to hear the State's petition again Raymond. As a result, the court erred when it considered and granted the State's petition."

¶ 19 This court was recently presented with the issue of an untimely petition to detain filed by the State in *People v. Presley*, 2023 IL App (5th) 230970. In that case, this court thoroughly analyzed second-prong plain error as it relates to the filing of an untimely petition to detain. *Id.* ¶¶ 29-42. It stated that "while an untimely petition under section 110-6.1 may touch upon rights, such error does not violate defendant's rights under the state or federal constitutions. Those rights, including the right to liberty, only require a hearing—which occurred here." It further stated, "Such error is therefore not a substantial right entitled to relief under the second prong of plain-error review." *Id.* ¶ 42. This court found that the defendant "failed to meet his burden of persuasion" and denied "his request to find the trial court's error was so egregious to warrant it eligible for second-prong plain error." *Id.*

7

¶ 20    Similarly, the defendant in the case at bar was provided a hearing during which the circuit court found the presumption great that the defendant committed a qualifying offense and that his release posed a real and present threat to the physical safety of any person, persons, or the community. Thus, following *Presley*, any due process requirements stemming from the defendant's fundamental right to liberty under either the state or federal constitutions were met. We thus find the defendant has not met his burden of persuasion and deny his request to find the circuit court's error warranted second-prong plain error.

¶ 21                            B. Ineffective Assistance

¶ 22    The defendant argues in the alternative that defense counsel was ineffective for failing to move to strike the State's petition for detention. We review claims of ineffective assistance of counsel under the well-established "standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which this court adopted in *People v. Albanese*, 104 Ill. 2d 504 (1984)." *People v. Johnson*, 2021 IL 126291, ¶ 52. To prevail, the defendant must show that counsel performed deficiently, and that prejudice resulted from that deficient performance. *Id.* "Defendant's failure to make the required showing of either deficient performance or sufficient prejudice will defeat a claim that counsel was ineffective." *Id.* ¶ 53.

¶ 23    In his memorandum, the defendant sets forth why the failure to strike the State's petition to detain constituted deficient performance. However, his argument for prejudice is lacking. The only statement relative to prejudice states, "Raymond was prejudiced by counsel's deficiency because he no longer has an opportunity to get out of jail by posting a monetary bond." At best, the statement speculates the defendant *might have been* able to post bond at some point. However, the record contains no evidence supporting such claim. "*Strickland* requires actual prejudice be shown, not mere speculation as to prejudice." *People v. Bew*, 228 Ill. 2d 122, 135 (2008). Where

8

there is no indication that defendant could have posted bond and been released, the defendant's statement is insufficient to show counsel's performance resulted in prejudice, and therefore, his claim of ineffective assistance of counsel is defeated.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, we affirm the trial court's order of pretrial detention.

¶ 26    Affirmed.

¶ 27    JUSTICE McHANEY, dissenting:

¶ 28    I respectfully dissent for the same reasons set forth in my dissent in *People v. Joshua A. Presley*, 2023 IL App (5th) 230970, ¶¶ 49-50.